IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD FAUST, as the Personal Representative of the Estate of Kaitlyn Faust, ASHLEY FAUST, individually, and JUSTIN FREDERICK, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. CIV-16-961-F |
| GENERAL MOTORS LLC, HUDIBURG BUICK-GMC, LLC, AUTOLIV ASP, INC., AND DELPHI AUTOMOTIVE, LLC, | ) ) ) ) ) | |
| Defendants | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:

Appearing for Plaintiff:  Jason Robinson

Appearing for Defendant General Motors, LLC:  Harold Zuckerman, Esq.

Appearing for Defendant Autoliv ASP, INC.: James A. Jennings, Esq.

Appearing for Defendant Delphi Automotive Systems, LLC:  John M. Bunting, Esq

### Jury Trial Demanded X  -  Non-Jury Trial □

1.  **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language
the facts and positions of the parties to inform the judge of the general nature of
the case.

Plaintiffs contend that Kaitlyn Faust died as a result of a collision while riding in

the front passenger seat of her mother's 2012 Chevrolet Malibu.  The airbag on the

passenger side failed to deploy, and Kaitlyn died as a result of hitting her head.

Defendant GM contends that the 2012 Chevrolet Malibu driven by Ashley Faust, was not defective nor unreasonably dangerous at the time it left the custody and control of Defendant GM LLC.  The 2012 Chevrolet Malibu met all applicable Federal Motor Vehicle Safety Standards, and GM LLC's testing of this vehicle was appropriate.  GM LLC denies Plaintiffs' allegations in this case, and specifically denies that any defect in the 2012 Chevrolet Malibu caused injury.

Autoliv ASP has not yet confirmed that the seatbelt in the subject vehicle is an Autoliv product.  An inspection of the vehicle is scheduled for January 5, 2017.  Autoliv ASP denies that any seatbelt it has designed or manufactured is defective and unreasonably dangerous.  Autoliv ASP also denies that any alleged defect in any seatbelt it may have designed or manufactured was a direct cause of the Plaintiffs' injuries. Autoliv ASP states that the seatbelts it designs and manufacturers are well designed, well manufactured, and exceed all Federal Motor Vehicle Safety Standards.

Defendant Delphi Automotive Systems, LLC ("Delphi") contends that it is not a proper party to this suit because, contrary to the allegations, it did not design, manufacture, sell, or supply the airbag control module, or any other crash-sensing components, of the subject vehicle. Delphi reserves the right to rely on further defenses if necessary, including all affirmative defenses listed in its Answer.

2.    **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has jurisdiction by reason of diversity of citizenship.  The parties have agreed that Hudiburg Buick-GMC, LLC, will be dismissed without prejudice.

3.    **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed,

including jurisdictional facts.

None

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    <u>Plaintiff</u>:  Plaintiff contends that the 2012 Chevrolet Malibu, its seatbelt, its passenger side airbag, and its airbag controller were defective.  In a foreseeable frontal collision, the passenger side airbag disengaged, and Kaitlyn's head impacted the dashboard.  As a result of a defect in the design of the system, Kaitlyn was killed.

    b.    <u>Defendant</u>:

        1.  General Motors LLC

            a.  Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

            b.  GM LLC specifically denies that the subject 2012 Chevrolet Malibu's safety belts and airbag system were defective or unreasonably dangerous as alleged by Plaintiffs when that vehicle left the control and possession of GM LLC.

            c.  GM LLC alleges that the subject vehicle had been out of the possession and control of GM LLC for some time before the alleged incident, and if there was any condition in the mechanism of the subject vehicle at the time of the alleged incident which caused or contributed thereto, such conditions developed and may have existed as a result of misuse, alteration, changes, modifications, or improper repairs made to the vehicle.

            d.  GM LLC specifically denies that it was negligent, at fault, or strictly liable, or that there was a defect in the 2012 Chevrolet Malibu's safety belts and airbag system as alleged by Plaintiffs in their First Amended Complaint when it left the control and possession of GM LLC.  However, if it is determined that GM LLC was in some way at fault or negligent or liable then the fault or negligence or liability of persons over whom GM LLC had no control is greater than that of GM LLC, thus barring or reducing any recovery of Plaintiffs against GM LLC.

            e.  GM LLC alleges that Plaintiffs' claimed injuries and damages are solely the result of acts and omissions of third parties over whom GM LLC had no control.

f. The subject vehicle met applicable Federal Motor Vehicle Safety Standards.

g. The subject vehicle was accompanied by adequate warnings and instructions as they relate to the allegations asserted by Plaintiffs in its First Amended Complaint.

h. GM LLC is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other party or person for any of Plaintiffs' alleged damages.

i. Plaintiffs' claim for punitive damages is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

(1) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(2) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(3) Plaintiffs' claims for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(4) Plaintiffs' claims for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate GM LLC's due process rights under the United States and Oklahoma Constitutions.

(5) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment would violate GM LLC's due process rights under the common law and public policies for the State of Oklahoma and other applicable laws and statutes.

(6) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of GM LLC, would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(7) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages, which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(8) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every element beyond a reasonable doubt, would violate GM LLC's rights under

Amendments IV, V, VI, and XIV of the United States Constitution and the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

(9) To the extent Plaintiffs seeks recovery of punitive damages from GM LLC, Plaintiffs' claim for punitive damages against GM LLC cannot be maintained, because any award of punitive damages based on anything other than GM LLC's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the related provisions of the Oklahoma Constitution, and would be improper under the common law and public policies of the State of Oklahoma, because any other judgment for punitive damages in this case cannot protect GM LLC against impermissible multiple punishments for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Oklahoma.  In addition, any such award would violate principles of comity under the laws of the State of Oklahoma.

(10) Plaintiffs' claims for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect GM LLC against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages based on anything other than GM LLC's conduct in connection with the sale of the subject 2012 Chevrolet Malibu would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and other applicable laws and statutes.

(11) To the extent Plaintiffs seek recovery of punitive damages from GM LLC, Plaintiffs' claim for punitive damages against GM LLC cannot be maintained because the law of Michigan applies to Plaintiffs' request for punitive damages.  Pursuant to that law, no punitive damages can be awarded.

      j.   GM asserts all affirmative defenses set forth in 12 O.S. § 2008 (C).

2.      **Autoliv ASP**

      a.   Autoliv ASP denies all of Plaintiffs' material contentions and allegations, including those concerning product defect, unreasonable dangerousness, injuries, injury causation, and damages.

      b.   The alleged defect in the seatbelt in suit was not a direct cause of the accident or injuries complained of.  The sole cause of the accident and Plaintiffs' injuries and damages was the acts and/or omissions of Ashley Faust or third parties over whom Autoliv ASP exercised no control and for whose acts/omissions and breaches of duty Autoliv ASP cannot be liable, and/or the prevailing site conditions, and/or the severity of the crash itself.  *Kirkland v. General Motors Corp.*, 1974 OK 52, 521 P.2d 1353 and its progeny; common law negligence.

      c.   Plaintiffs cannot prove their claim for punitive damages.  The design choices made by Autoliv ASP, as well as the testing and manufacturing of the seatbelt in suit were not reckless, malicious, or life threatening to others, including to Plaintiffs.  The seatbelt in suit complied with and/or exceeded all Federal Motor Vehicle Safety Standards, and represented the state of the art at the relevant time in design, testing, and manufacturing.  Okla. Stat. tit. 23, § 9.1.

      d.   Plaintiffs' claim for punitive damages violates Autoliv ASP's rights under the 5th, 6th, 8th, and 14th Amendments to the United States Constitution and similar provisions of the Oklahoma Constitution, including Article II, §§ 2, 10, 15, 18, 19, 21.

3.      <u>Delphi Automotive Systems, LLC</u>: Delphi was named in this suit solely because it allegedly "manufactured and designed the subject airbag controller module" in the subject vehicle. However, Delphi contends that it did not design, manufacture, sell, or supply the airbag control module, or any other crash-sensing components, of the subject vehicle. Delphi reserves the right to rely on further defenses if necessary, including all affirmative defenses listed in its Answer.

5.      **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a
federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R.
Civ. P. 5.1?

                        X Yes □ No

Defendants state that Oklahoma's punitive damages statute is facially
unconstitutional inasmuch as it directs the jury to consider harm to third persons
when assessing the amount of punitive damages and thus is violative of the due
process clause of the Fourteenth Amendment to the United States Constitution, as
interpreted in *Philip Morris USA v. Williams,* 127 S. Ct. 1057, 1063 (2007) and
*State Farm Mut. Automobile Ins. Co. v. Campbell,* 538 U.S. 408, 423 (2003).

6.      **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief
requested, and date responsive brief to be filed).

Evidentiary Motions prior to trial by all parties are anticipated.  All parties reserve

the right to file a dispositive motion.

7.      **COMPLIANCE WITH RULE 26(a)(1)**.

The parties have conferred and, due to the holidays and the complexity of the case,
initial disclosures will be made by all parties on or before February 6th, 2017.

8.      **PLAN FOR DISCOVERY**.

    A.      The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on
            12/21/2016.

    B.      The parties anticipate that discovery should be completed within 12
            months.

    C.      In the event ADR is ordered or agreed to, what is the minimum amount of
            time necessary to complete necessary discovery prior to the ADR session?
            9 months.

    D.      Have the parties discussed issues relating to disclosure or discovery of
            electronically stored information, including the form or forms in which it
            should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

            Documents from GM will be produced in single-page TIFF images with
            metadata and full text, or in a reasonably usable format, with the exception

of the following file types that, to the extent produced, shall be produced in their native file format with an accompanying placeholder image: Spreadsheets, Audio files, Photos (jpg and jpeg),and Video files. Documents containing redactions (e.g., pursuant to attorney-client privilege) will be produced in TIFF image format.

Other documents will be produced in PDF format, in a .tiff image format with a load file and OCR files, or in their native format.

Documents from Autoliv ASP will be produced in a commercially reasonable manner or in the manner kept in Autoliv ASP's regular course of business.

E.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

Yes

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

None at this time.

_____

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Plaintiff and Defendants will cooperate in attempting to reach an agreed protective order regarding documents which Defendants consider to be confidential.  Due to the holidays and General Motors LLC's company shutdown, the parties have agreed that General Motors LLC shall have until February 28th, 2017 to respond to pending written discovery.

9.   **ESTIMATED TRIAL TIME**:  10-15 days

10. **BIFURCATION REQUESTED**: NO

11. **POSSIBILITY OF SETTLEMENT**:   Unknown

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.     Compliance with LCvR 16.1(a)(1) - ADR discussion:   YES

    B.     The parties request that this case be referred to the following ADR process:

    __X__   The parties have agreed that they will discuss pursuing private
    mediation following the exchange of discovery identified above.

13. Parties consent to trial by Magistrate Judge?  NO

14. Type of Scheduling Order Requested.  Standard

Submitted this 4th day of January, 2017.

/s/ Jason E. Robinson
Richard L. Denney, OBA No. 2297
Lydia JoAnn Barrett, OBA No. 11670
Jason E. Robinson, OBA No. 22289
DENNEY & BARRETT, P.C.
870 Copperfield Drive
Norman, OK  73072
Phone: (405) 364-8600
FAX: (405) 364-3980
Email: rdenney@dennbarr.com
        lbarrett@dennbarr.com
        jrobinson@dennbarr.com

*/s/ Andrew Richardson*
Mary Quinn Cooper, OBA 11966
Andrew L. Richardson, OBA 16298
Harold Zuckerman, OBA 11189
McAfee & Taft
Williams Center Tower II
Two West Second Street, Ste. 1100
Tulsa OK  74013
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
harold.zuckerman@mcafeetaft.com
Attorneys for General Motors LLC and
Hudiburg Buick-GMC, LLC


*s/ John M. Bunting*
Thomas G. Wolfe, OBA No. 11576
John M. Bunting, OBA No. 31503
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133

***Counsel for Defendant Delphi Automotive
Systems, LLC***

*s/ James A. Jennings*
James A. Jennings, OBA 4647
Linda G. Kaufmann, OBA 14759
Haylie D. Treas, OBA 30275
JENNINGS TEAGUE, P.C.
204 N. Robinson, Ste. 1000
Oklahoma City, OK  73102
Telephone:  405-609-6000
Facsimile:  405-609-6501
jjennings@jenningsteague.com
lkaufmann@jenningsteague.com
htreas@jenningsteague.com
**ATTORNEYS FOR DEFENDANT
AUTOLIV ASP, INC.**