**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

RICHARD FAUST, as the Personal )
Representative of the Estate of K.F., )
ASHLEY FAUST, individually, and )
JUSTIN FREDERICK, individually, )
              Plaintiffs, )
               )
vs. )   Case No. CIV-16-961-F
               )
GENERAL MOTORS LLC and )   May 8, 2018 Trial Docket
AUTOLIV ASP, INC., )
              Defendants. )

**AMENDED SCHEDULING ORDER**

Before the court is the parties' Joint Motion for Extension of Deadlines, filed on September 8, 2017 (doc. no. 57). The motion is **GRANTED**. The unexpired deadlines in this case are extended as follows.

**THE FOLLOWING AMENDED DEADLINES ARE SET BY THE COURT**

1. Motions to join additional parties to be filed by   N/A  .

2. Motions to amend pleadings to be filed by   N/A  .

3. Plaintiff to **file a final** list of **expert witness(es) in chief and submit expert reports to defendant** by 12-20-17.**\*** Defendant to **file a final** list of **expert witness(es) in chief and submit expert reports to plaintiff** 21 days thereafter.**\***

4. Plaintiff to **file a final** list of **witnesses**, together with addresses and brief summary of expected testimony where a witness has not already been deposed, by 01-10-18.**\*** Defendant to **file a final** list of **witnesses** (as described above) 14 days thereafter.**\***

5. Plaintiff to **file a final exhibit** list by 01-10-18.**\*** Defendant to file objections to plaintiff's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B), 14 days thereafter.

    Defendant to **file a final exhibit** list 14 days after filing of plaintiff's list.**\*** Plaintiff to file objections to defendant's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B), 14 days after filing of defendant's list.

    **\*The listing of witnesses and exhibits shall separately state those expected to be called or used and those which may be called or used if the need arises. Except for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list.**

6. All dispositive **and** *Daubert* motions to be filed by 02-01-18.

7. Discovery to be completed by 04-15-18.

    **The deadline for dispositive and *Daubert* motions precedes the discovery deadline. The parties are expected to conduct any discovery necessary for such motions in advance of the motion deadline.**

8.  Trial docket <u>May 8, 2018</u>.**

    **Trial dockets generally begin the second Tuesday of each month; however, this practice varies, particularly during holidays. The published trial docket will announce the trial setting.**

    **The interval between the dispositive motion deadline (para. 6) and the trial docket (para. 8) is inflexible. An extension of time to file or respond to a motion for summary judgment, if granted, will likely affect the trial setting.**

9.  Designations of deposition testimony to be used at trial: See chambers rules, Part I.

10. Motions in limine (other than *Daubert* motions, which are due when required by par. 6, above) to be filed by <u>04-17-18</u>.

11. Requested voir dire to be filed by <u>04-17-18</u>.

12. Trial briefs to be filed by <u>04-17-18</u>.

13. Requested jury instructions and proposed verdict forms to be filed on or before <u>04-17-18</u>.***

14. Proposed findings and conclusions of law to be filed no later than _____.***

    ***In addition to filing, the parties shall submit their proposed jury instructions and verdict forms or findings of fact and conclusions of law in Word format to the Clerk via the Court's designated mail box: <u>friot-orders@okwd.uscourts.gov</u>.**

15. Any objection or responses to the trial submissions referenced in paragraphs 10, 11, 12, 13 or 14 to be filed **fourteen (14) days** thereafter. **Absent leave of court, no reply briefs are expected or permitted with respect to motions in limine that are filed less than 30 days before the first day of the trial docket.**

16. The Final Pretrial Report, approved by all counsel, and in full compliance with Local Rules (see <u>Appendix IV</u>), to be filed no later than <u>04-17-18</u>. **A proposed order approving the report shall be submitted to the Clerk via the Court's designated mail box: <u>friot-orders@okwd.uscourts.gov</u>.**

17. This case is referred to ADR:

    _____ Mediation by agreement of the parties, exempt from LCvR16.3.
    _____ by Order of the Court:

    _____ Court-Ordered Mediation subject to LCvR16.3
    _____ Judicial Settlement Conference
    _____ Other _____

    If the Court orders mediation, the process shall be completed and a report filed with the Court by the parties, stating whether the case settled, not later than _____.

    (ADR forms are available on the court's website, <u>www.okwd.uscourts.gov</u>.)

18. Except as may be otherwise specifically ordered by the assigned judge, this case will not be scheduled for a judicial settlement conference unless, within ten calendar days after the trial docket is published, the parties file a joint motion requesting a judicial settlement conference. The motion shall provide reasons justifying the commitment of court resources to the settlement process, and shall describe the reasons for which efforts to settle the case by other means have been unsuccessful.

19. \_\_\_\_  The parties consent to trial by a Magistrate Judge.

20. Initial disclosures pursuant to Fed.R.Civ.P. 26 have been made \_\_\_\_; are excused \_\_\_\_; or shall be made no later than _____.

21. A. Judge Friot answered any questions counsel had with respect to his chambers procedures, found at http://www.okwd.uscourts.gov/files/jfriotrules.pdf.

    B. Even though discovery may continue to the date set forth in paragraph 7, above, no motions asserting failure to comply with discovery-related obligations (Rules 26-37 and 45, Fed.R.Civ.P.), filed later than 30 days prior to the first day of the trial docket (the trial docket set forth above or any later trial setting that may be established by orders hereafter entered in this case), will be entertained absent a compelling showing, supported by affidavit, that the matters raised in the motion could not, with reasonable diligence, have been raised by motion at an earlier date. Delays that are commonly encountered during the course of litigation, such as delays by an opposing party in answering interrogatories or in producing witnesses or documents, will ordinarily not suffice as the basis for the required compelling showing.

    C. The Rule 26(a)(2) reports of any retained experts, including any experts who address issues of causation and product defect (i) shall be prepared and submitted on or before the deadlines set forth in this scheduling order, (ii) shall be rendered on the basis of <u>all</u> of the testing, experimentation, investigation and analysis considered by said experts to be necessary in this case, and (iii) shall state, definitively and in detail, the experts' proposed expert testimony, including, with respect to any experts who address issues of causation or product defect, their theories of causation and defect. Counsel would be well-advised to read <u>Dixie Steel Erectors v. Grove U.S. L.L.C.</u>, 2005 WL 3558663 (W.D. Okla. 2005).

DATED this 8th day of September, 2017.

                                            BY ORDER OF THE COURT
                                            CARMELITA REEDER SHINN, CLERK


                                            By:      s/ Lori Gray
                                                     Deputy Clerk


16-0961p008.docx