## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RICHARD FAUST, as the Personal )
Representative of the Estate of K.F., )
ASHLEY FAUST, individually, and )
JUSTIN FREDERICK, individually, )
  )
          Plaintiffs, )
  )
-vs- )    Case No. CIV-16-961-F
  )
GENERAL MOTORS LLC, )
HUDIBURG BUICK-GMC, LLC, )
AUTOLIV ASP, INC., and DELPHI )
AUTOMOTIVE, LLC, )
  )
          Defendants. )

## ORDER

Before the court is Plaintiffs' Motion for Partial Summary Judgment, filed August 16, 2018.  Doc. no. 85.  Defendants, General Motors LLC and Autoliv ASP, Inc., have responded to the motion and plaintiffs have replied.  Upon due consideration of the parties' submissions, the court makes its determination.

I.

On the afternoon of March 17, 2014, plaintiff Ashley Faust was driving a 2012 Chevrolet Malibu, manufactured by defendant, General Motors, LLC ("GM").  Ms. Faust's eleven-year old daughter, K.F., was a passenger in the front seat of the vehicle.  For reasons unknown, the vehicle left the roadway and collided with a tree at a high speed.  Both occupants were wearing seat belts.  The front driver's side airbag deployed, but the front passenger side airbag did not.  Ms. Faust sustained serious injuries and K.F. sustained fatal injuries.

Plaintiffs, Richard Faust, as personal representative of the estate of K.F., Ashley Faust and Justin Frederick,[1] have sued GM seeking to recover damages by way of claims of strict liability and negligence.  Plaintiffs have also sued defendant Autoliv ASP, Inc. ("Autoliv"), the manufacturer of the vehicle's right front seat belt assembly and right front airbag module, seeking to recover damages on a theory of strict liability.[2]  According to plaintiffs, the seat belt and the airbag sensor failed to protect K.F. from her fatal injuries.

In answer to plaintiffs' operative complaint, defendants alleged various affirmative defenses.  Plaintiffs, pursuant to Rule 56(a), Fed. R. Civ. P., now seek partial summary judgment as to the alleged affirmative defenses of (a) contributory/comparative negligence, (b) assumption of risk, (c) misuse and (d) failure to heed warnings.  GM alleged all four affirmative defenses and Autoliv alleged all but the failure to heed warnings affirmative defense.

## II.

Initially, in light of representations made in briefing, the court finds that plaintiffs' motion is moot in certain respects.

Autoliv, in its response brief, represents as follows:

> In its answer to Plaintiffs' Amended Complaint filed on November 16, 2016, Autoliv stated in a qualified manner: "[i]f the product in suit contained a defect, which Autoliv denies, the existence of such defect was known to the plaintiffs and their decedent and they voluntarily assumed the risk associated with that defect." Answer of Defendant Autoliv ASP, Inc. to Plaintiffs' First Amended Complaint, p. 7, ¶ 3. [Doc. 24].  Autoliv denies that there was a defect in the seat belt assembly in the 2012 Malibu and has not developed the defense of assumption of the risk of a

---

[1] Mr. Frederick is the natural father of K.F.

[2] Plaintiffs also sued defendants, Hudiburg Buick-GMC, LLC and Delphi Automotive, LLC, but the claims against defendants were dismissed without prejudice.  *See*, doc. nos. 36 and 42.

> known defect to Plaintiffs' strict liability claim with regard to the seat belt assembly.  Autoliv would have refined its defenses to reflect that fact in its contentions in the Final Pretrial Report to be submitted to this Court in accordance with the Local Rules.

Doc. no. 93, p. 10.

Additionally, Autoliv represents as follows:

> Autoliv, in its answer to Plaintiffs' Amended Complaint filed on November 16, 2016, stated: "[t]he product claimed by the plaintiffs to be defective and unreasonably dangerous may have been abused, misused, modified, and altered after it left the possession and control of the manufacturer and was not used in the manner intended." Answer of Defendant Autoliv ASP, Inc. to Plaintiffs' First Amended Complaint, p. 7, ¶ 2 [Doc. 24].  Autoliv has not developed a defense that K.F.'s use of her seat belt constituted "misuse," which would have been reflected in Autoliv's contentions in the Final Pretrial Report.

Doc. no. 93, p. 11.

In the interest of judicial economy, the court deems Autoliv's answer (doc. no. 24) amended to forego the affirmative defenses of assumption of risk and misuse. Consequently, the court denies as moot plaintiffs' motion to the extent it seeks partial summary judgment with respect to Autoliv's affirmative defenses of assumption of risk and misuse.

Plaintiffs, in their reply brief, represent as follows:

> To clarify the record, both for trial and the disposition of the instant motion, Plaintiffs hereby waive and abandon their claims sounding in common-law negligence, specifically reserving their claims sounding in products liability.

Doc. no. 96, p. 1.

Similarly, in the interest of judicial economy, the court deems plaintiffs' operative complaint (doc. no. 18) amended to forego claims of negligence against GM and Autoliv.  The court also deems GM's answer (doc. no. 22) and Autoliv's answer (doc. no. 24) amended to forego the affirmative defense of contributory/comparative negligence.  The court therefore denies as moot plaintiffs' motion to the extent it seeks partial summary judgment with respect to GM and Autoliv's affirmative defense of contributory/comparative negligence.

### III.

Given the court's initial rulings, the only affirmative defenses at issue are assumption of risk and failure to heed warnings alleged by GM.  Plaintiffs, in their reply brief, contend that the assumption of risk affirmative defense no longer applies with their waiver and abandonment of the negligence claim.  However, Oklahoma has recognized the affirmative defense of the voluntary assumption of risk of a known defect in manufacturers' products liability cases.  *See*, Kirkland v. General Motors Corp., 521 P.2d 1353, 1366 (Okla. 1974); *see also*, Jordan v. General Motors Corp., 590 P.2d 193, 196 (Okla. 1979).  Thus, plaintiffs' waiver and abandonment of the negligence claim does not moot the assumption of risk affirmative defense raised by GM as to the strict liability claim.  The court therefore proceeds with adjudication of the merits of GM's affirmative defenses.

### IV.

Pursuant to Rule 56(a), Fed. R. Civ. P., "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense— on which summary judgment is sought."  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a), Fed. R. Civ. P.

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a

genuine issue for trial. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 249 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id*.  In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).  All justifiable inferences are to be drawn in its favor.  <u>Anderson</u>, 477 U.S. at 255 (citing <u>Adickes</u>, 398 U.S. at 158-159).

V.

Taking the record evidence and all justifiable inferences therefrom in GM's favor, the court finds that partial summary judgment is not appropriate.  The court concludes that genuine issues of material fact exist as to each affirmative defense.  Therefore, the court concludes that plaintiffs' motion should be denied on the merits with respect to GM's affirmative defenses of assumption of risk and failure to heed warnings.

VI.

Based upon the foregoing, Plaintiffs' Motion for Partial Summary Judgment (doc. no. 85) is **DENIED** as **MOOT** with respect to defendant, Autoliv Asp, Inc.'s affirmative defenses of contributory/comparative negligence, assumption of risk and misuse and defendant, General Motors LLC's affirmative defense of contributory/comparative negligence and is **DENIED** on the merits with respect to defendant, General Motors LLC's affirmative defenses of assumption of risk and failure to heed warnings.

IT IS SO ORDERED this 15th day of October, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0961p016 rev.docx