IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FAUST, as the Personal Representative of the Estate of K.F., ASHLEY FAUST, individually, and JUSTIN FREDERICK, individually,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, HUDIBURG BUICK-GMC, LLC, AUTOLIV ASP, INC., and DELPHI AUTOMOTIVE, LLC,<br><br>Defendants. | CASE NO. 5:16-cv-00961-F<br><br>Judge Stephen P. Friot |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE
ANY REFERENCE TO AGE-RELATED WARNINGS**

Plaintiffs request that this Court issue an order prohibiting defense counsel and witnesses from making any comment, directly or indirectly, concerning any of the matters set forth herein without first approaching the bench and obtaining permission from the Court outside the earshot of the jurors.

Fed. R. Evid. Rule §403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In his Rule 26 report (Doc. 92-2), GM expert and corporate representative, Hamed Sadrnia, faults Plaintiff Ashley Faust for failing to heed the warning on the sun visor, and in the owner's manual, for the subject vehicle, that "children" should be placed in the back

seat (Id., p. 17).  He also cites government websites, one for the contention that no child under 13 should ride in the front passenger seat, and the other reducing that upper limit to age 12 (Id., pp. 17-18).  In her Rule 26 report (Doc. 92-4), Kathryn F. Anderson also refers to the sun visor warning (Id., p. 21).  These and any other references to warnings, be they located on a sun visor, in an owner's manual or on a website, should be barred from the trial in this matter for three reasons.

First, Plaintiffs have not alleged an inadequate-warning claim.  Therefore, no experts have been engaged to research and opine on the accessibility, specificity or comprehensibility of these particular warnings.

Second, experts Kathryn F. Anderson and Hamed Sadrnia have admitted that they are not warnings experts and, further, have testified that they have no knowledge whether or not Ashley or K.F. saw any such warnings (Redacted excerpts of October 24, 2018 deposition of Kathryn Anderson, attached as Exhibit 1, at 62/23 to 63/1 and 107/4 to 108/4; Redacted excerpts of October 23, 2018 deposition of Hamed Sadrnia, attached as Exhibit 2, at 86/9 to 87/24).  It is also notable that defense expert William Hohnstadt disavows any expertise in warnings, and has further testified that he would not expect a passenger the age of K.F. to have noticed any such warnings (Excerpts of October 23, 2018 deposition of William Hohnstadt, attached as Exhibit 3, at 68/18 to 69/21 and 73/21 to 74/1).  Moreover, no discovery whatsoever has been conducted to delve into these matters.

Third, any arbitrary age classification is irrelevant.  As Plaintiffs have demonstrated in three recent briefs (Docs. 85, 94, 95):

- In its regulation devoted to devices intended to protect passengers in crashes, including airbags (Title 49 CFR §571.208; referred to hereinafter as 'FMVSS 208'), the National Highway Traffic Safety Administration ('NHTSA') requires that an airbag 'shall' fire in a crash if the SDM[1] detects a normally seated 5th percentile female, defined as weighing at least 102.79 pounds and standing at least 55 inches tall (Doc. 94-2 at 47/11-20, 60/8 to 61/6, 64/7-8, 287/4-10);

- *GM's very own corporate representative, Hamed Sadrnia, has conceded* – and GM's airbag expert Kathryn F. Anderson has confirmed – that K.F.'s height and weight placed her within the FMVSS 208 definition of a 5th percentile female (Doc. 94-2 at 92/4-11, 99/13 to 100/4; Doc. 94-4, p. 19);

- Autoliv's expert – William W. Van Arsdell, Ph.D., P.E. – noted in review of his surrogate study: "When wearing the seat belt properly, the seat belt offered good fit for an occupant the size of K.F." (Doc. 94-3, p. 8).

Finally, it is notable that Title 47 O.S. §11-1112(B) provides: "If a child is eight (8) years of age or is taller than 4 feet 9 inches in height, a seat belt properly secured to the vehicle

---

[1] The "Sensing and Diagnostic Module" turns the airbag on or off depending on the size of the person seated.

shall be sufficient to meet the requirements of this section." Oklahoma does not restrict such a child to a rear seating position.

Because the undisputed evidence demonstrates that K.F.'s height and weight were within the federal government's criteria for a 5th percentile female and, thus, rendered the front passenger seat a designated, foreseeable and presumptively safe position for her, any innuendo regarding arbitrary age limits would only distract the jury from its task.

Plaintiffs therefore ask that the Court bar all comment and testimony regarding the age warnings contained on the visor and in the owner's manual for the subject vehicle, as well as any similar warnings located on various websites.

                                                           Respectfully Submitted

S/Jason E. Robinson
Richard L. Denney, OBA No. 2297
Lydia JoAnn Barrett, OBA No. 11670
Russell L. Bowlan, OBA No. 15731
Jason Eric Robinson, OBA No. 22289
DENNEY & BARRETT, P.C.
870 Copperfield Drive
Norman, OK  73072
Tel: 405-364-8600
Fax:  405-364-3980

Larry Tawwater, Esq.
The Tawwater Law Firm, PLLC
14001 Quail Springs Pkwy
Oklahoma City, OK 73134
Tel: 405-607-1400
Fax: 405-607-1450

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of November, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel of record.

Mary Quinn Cooper, Esq.
Andrew L. Richardson, Esq.
Michael F. Smith, Esq.
Williams Center Tower II,
2 W. 2nd Street, Suite 1100
Tulsa, OK 74103
**Attorneys for General Motors LLC and Hudiburg Buick-GMC**

James A. Jennings, Esq.
Linda G. Kaufman, Esq.
Haylie D. Treas, Esq.
J. Derrick Teague, Esq.
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
**Attorneys for Autoliv ASP, Inc.**

                                                      S/Jason E. Robinson
                                                      Jason E. Robinson