IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD FAUST, as the Personal          )
Representative of the Estate of K.F.[1], )
ASHLEY FAUST, individually,             )
 and JUSTIN FREDERICK, individually,    )
                                        )
              Plaintiffs,               )
v.                                      )   Case No. 5:16-cv-00961-F
                                        )
GENERAL MOTORS LLC, AND                 )   **December 4, 2018 Trial Docket**
AUTOLIV ASP, INC.,                      )
                                        )
              Defendants                )

**FINAL PRETRIAL REPORT**

Appearing for Plaintiff:  Richard L. Denney, Esq., Lydia JoAnn Barrett, Esq., Jason E. Robinson, Esq.

Appearing for Defendant General Motors, LLC: Mary Quinn Cooper, Esq., Andrew Richardson, Esq., Harold Zuckerman, Esq.

Appearing for Autoliv ASP, Inc.: James A. Jennings, Esq., J. Derrick Teague, Esq., Haylie Treas, Esq., Linda Kaufmann, Esq.

**Jury Trial Demanded X - Non-Jury Trial ▢**

1.     <u>BRIEF PRELIMINARY STATEMENT</u>.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

      Plaintiffs contend that Kaitlyn Faust died as a result of a collision, which occurred

on March 17th, 2014, while riding in the front passenger seat of her mother's 2012

---

[1] General Motors, LLC and Autoliv ASP, Inc. maintain that Ashley Faust and Justin Frederick are not proper parties.  *See* Okla. Stat. tit. 12, § 1053(a); *see also Ouellette v. State Farm Mut. Auto. Ins. Co*., 918 P.2d 1363, 1366, 1994 OK 79.  Plaintiffs dispute this claim and object to this as an untimely attempt to file a dispositive motion.

Chevrolet Malibu. Plaintiffs contend the restraint system was defective and unreasonably dangerous in design. The airbag on the passenger side was suppressed, the seatbelt load limiter deployed 10 inches of slack into the seatbelt, and Kaitlyn died as a result of hitting her head on the dashboard.

Defendant GM LLC contends that Plaintiff Ashley Faust had an alcoholic beverage before driving her daughter to cheerleading practice. Plaintiff Ashley Faust was traveling 65 mph, 15 mph over the posted speed limit on Spencer-Jones Road in Oklahoma County, when she crossed the center line, drove off the highway, and crashed into a tree. K.F. was improperly seated in the Right Front Passenger Seat of the subject vehicle. K.F. had just turned 11 years old, and because of her small stature she was classified as a child by the subject vehicle's occupant classification system. This resulted in the right front airbag being "suppressed," a state necessary because of the serious injury or death that can occur when a child interacts with an airbag. It is this very reason that GM LLC warns parents not to let their children sit in the right front passenger seat. These warnings, which include the Owner's Manual, a warning printed on the subject vehicle's sun visor, and indicators on the subject vehicle's console, were undisputedly ignored by Plaintiff Ashley Faust. The 2012 Chevrolet Malibu driven by Ashley Faust, was not defective nor unreasonably dangerous at the time it left the custody and control of Defendant GM LLC. The 2012 Chevrolet Malibu met applicable Federal Motor Vehicle Safety Standards, and GM LLC's testing of this vehicle was appropriate. GM LLC denies Plaintiffs' allegations in this case, and specifically denies that any defect in the 2012 Chevrolet Malibu caused injury.

Autoliv ASP, Inc. manufactured and supplied, in accordance with design

specifications provided by General Motors, the right front seat belt assembly component integrated by General Motors into the restraint system of the 2012 Chevrolet Malibu, which is the subject of this case.  Autoliv denies there were design defects in the restraint system components it supplied as alleged by Plaintiff and denies that any such design defects caused K.F.'s injuries.  Autoliv states that the front seat belt assembly components that it manufactured and supplied met or exceeded all Federal Motor Vehicle Safety Standards.

2.    <u>JURISDICTION</u>.  The basis on which the jurisdiction of the Court is invoked.

This Court has jurisdiction by reason of diversity of citizenship.

3.    <u>STIPULATED FACTS</u>.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

The parties stipulate that the medical records for Kaitlyn Faust are authentic, and as such, there is no need to call a witness to authenticate the same.

4.    <u>LEGAL ISSUES</u>.  State separately, and by party, each disputed legal issue and the authority relied upon.

GM and Autoliv claim Ashley Faust and Justin Frederick are not proper parties. See Okla. Stat. tit. 12, § 1053(a); *see also Ouellette v. State Farm Mut. Auto. Ins. Co.*, 918 P.2d 1363, 1366, 1994 OK 79.  Plaintiffs dispute this claim and object to this untimely attempt to file a dispositive motion.

Other legal issues to be presented in motions in limine filed by the parties.

5.    <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

A.    <u>Plaintiff</u>:  Plaintiff contends that the 2012 Chevrolet Malibu, its seatbelt, and occupant classification system were defective in design.  In a foreseeable frontal collision, the passenger side airbag was suppressed, and Kaitlyn's head impacted the dashboard due to the seatbelt allowing 10 inches of webbing to be paid out during the wreck.  As a result of a defect in the design

of the restraint system, and its components, Kaitlyn was killed.

More specifically, Plaintiffs claim that Kaitlyn Faust was of the height and weight to be considered a 5% female, per GM and NHTSA's standards. They claim that the Occupant Classification system (OCS) wrongfully identified her as a child-sized occupant, rather than a 5% female. As a result, the airbag was suppressed. Plaintiffs claim that GM was aware that the OCS system would not properly identify 5th percentile sized female occupants in foreseeable usage positions. Despite GM's awareness of the defect, and the danger it posed, GM chose to release the 2012 Malibu with the defective system in place.

Further, Plaintiffs claim that the seatbelt design was defective and unreasonably dangerous. The seatbelt contained a torsion bar, a load-limiting device, that was set to allow webbing to deploy at a dangerously low load. The torsion bar was designed to allow webbing to spool out at 2kN or about 450 lbs. This seatbelt design was intended to only be used with an airbag, and is unreasonably dangerous in an accident in which an airbag should fire, but does not, such as the subject accident.

Plaintiffs' claims that the design of the seatbelt and Occupant Classification System were defective and more dangerous than an ordinary consumer would expect. These defects caused and contributed to Kaitlyn Faust's death dealing injuries.

Plaintiffs claim they are entitled to damages under Oklahoma's wrongful death statute, for the loss of a child. Further, Plaintiffs Ashley Faust and Justin Frederick, the parents of Kaitlyn Faust suffered severe emotional distress from this accident and watching their daughter die.[2]

Further, Plaintiffs claim that because GM and Autoliv knew of the defects in the products they released, knew that someone would be hurt or killed by these defects, and chose not to correct the defects before releasing them into the stream of commerce, that punitive damages are appropriate.

---

[2] General Motors, LLC and Autoliv ASP, Inc. object to Plaintiffs adding these new damage claims. Plaintiffs included this language on the day the Pretrial Order is due, leaving no time for Defendants to file Motions in Limine on this issue. Furthermore, Plaintiffs' counsel previously represented to defense counsel that Plaintiff Ashley Faust is not making any injury claim relating to the subject accident.

B.     Defendant:

    1.  General Motors LLC

        a.  Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

        b.  GM LLC specifically denies that the subject 2012 Chevrolet Malibu's safety belts and airbag system were defective or unreasonably dangerous as alleged by Plaintiffs when that vehicle left the control and possession of GM LLC.

        c.  GM LLC alleges that the subject vehicle had been out of the possession and control of GM LLC for some time before the alleged incident, and if there was any condition in the mechanism of the subject vehicle at the time of the alleged incident which caused or contributed thereto, such conditions developed and may have existed as a result of misuse, alteration, changes, modifications, or improper repairs made to the vehicle.

        d.  GM LLC specifically denies that it was negligent, at fault, or strictly liable, or that there was a defect in the 2012 Chevrolet Malibu's safety belts and airbag system as alleged by Plaintiffs in their First Amended Complaint when it left the control and possession of GM LLC.  However, if it is determined that GM LLC was in some way at fault or negligent or liable then the fault or negligence or liability of persons over whom GM LLC had no control is greater than that of GM LLC, thus barring or reducing any recovery of Plaintiffs against GM LLC.

        e.  GM LLC alleges that Plaintiffs' claimed injuries and damages are solely the result of acts and omissions of third parties over whom GM LLC had no control.

        f.  The subject vehicle met applicable Federal Motor Vehicle Safety Standards.

        g.  The subject vehicle was accompanied by adequate warnings and instructions as they relate to the allegations asserted by Plaintiffs in its First Amended Complaint.

        h.  GM LLC is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other party or person for any of Plaintiffs' alleged damages.

        i.  Plaintiffs' claim for punitive damages is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

(1) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(2) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(3) Plaintiffs' claims for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(4) Plaintiffs' claims for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate GM LLC's due process rights under the United States and Oklahoma Constitutions.

(5) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and

punishment would violate GM LLC's due process rights under the common law and public policies for the State of Oklahoma and other applicable laws and statutes.

(6) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of GM LLC, would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(7) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages, which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

(8) Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every element beyond a reasonable doubt, would violate GM LLC's rights under Amendments IV, V, VI, and XIV of the United States Constitution and the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

(9) To the extent Plaintiffs seeks recovery of punitive damages from GM LLC, Plaintiffs' claim for punitive damages against GM LLC cannot be maintained, because any award of punitive damages based on anything other than GM LLC's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the related provisions of the Oklahoma Constitution, and would be improper under the common

law and public policies of the State of Oklahoma, because any other judgment for punitive damages in this case cannot protect GM LLC against impermissible multiple punishments for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Oklahoma. In addition, any such award would violate principles of comity under the laws of the State of Oklahoma.

(10) Plaintiffs' claims for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect GM LLC against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages based on anything other than GM LLC's conduct in connection with the sale of the subject 2012 Chevrolet Malibu would violate GM LLC's due process rights under the United States and Oklahoma Constitutions and other applicable laws and statutes.

(11) To the extent Plaintiffs seek recovery of punitive damages from GM LLC, Plaintiffs' claim for punitive damages against GM LLC cannot be maintained because the law of Michigan applies to Plaintiffs' request for punitive damages. Pursuant to that law, no punitive damages can be awarded.

j.  GM asserts all affirmative defenses set forth in 12 O.S. § 2008 (C).

k.  GM asserts all the law of damages of Oklahoma, including the rule of reasonableness and all statutory and common law limits on damages, including the non-economic damages cap and punitive damages cap.

2.  Autoliv ASP, Inc.

a.  Autoliv denies all of Plaintiffs' material contentions and allegations, including those concerning product defect, unreasonable dangerousness, injuries, injury causation, and damages.

b.  The alleged defect in the seatbelt in suit was not a direct cause of the accident or injuries complained of. The sole cause of the accident and K.F.'s injuries and Plaintiffs' damages was the acts and/or omissions of Ashley Faust, third parties, or others over whom Autoliv exercised no control and for whose acts/omissions and breaches of duty Autoliv cannot be liable, and/or the prevailing site conditions, and/or the severity of the

crash itself. *Kirkland v. General Motors Corp.*, 1974 OK 52, 521 P.2d 1353 and its progeny.

c.   Plaintiffs cannot prove its claim for punitive damages.  The manufacturing of the right front seat belt assembly components by Autoliv was not reckless, malicious, or life threatening to others, including to K.F.  Okla. Stat. tit. 23, § 9.1.  The seat belt in suit complied with and/or exceeded all Federal Motor Vehicle Safety Standards, and represented the state of the art at the relevant time in design, testing, and manufacturing, thereby creating a rebuttable presumption that Autoliv is not liable for K.F.'s injuries.  See Okla. Stat. tit. 76, § 57.2.[3]

d.   Plaintiffs' claim for punitive damages violates Autoliv's rights under the 5th, 6th, 8th, and 14th Amendments to the United States Constitution and similar provisions of the Oklahoma Constitution, including Article II, §§ 2, 10, 15, 18, 19, 21.

e.   Notwithstanding the foregoing statements regarding punitive damages, any award for punitive damages is subject to Oklahoma's cap on punitive damages found in Okla. Stat. tit. 23, § 9.1, or other applicable statutes.

f.   Notwithstanding Defendants' objections to Plaintiffs' new individual damages claims, any award for noneconomic damages is subject to Oklahoma's cap on noneconomic damages found in Okla. Stat. tit. 23, § 61.2, or other applicable statute.

g.   This Court shall reduce the amount of damages to be recovered by Plaintiffs with respect to a cause of action by the sum of the dollar amounts of any and all settlements heretofore and/or hereafter reached by Plaintiff with any alleged potential tortfeasors.  Autoliv further pleads any and all other set-offs and/or credits allowed under the statutory and common law of the State of Oklahoma.

h.   Autoliv did not design or manufacture the restraint system in the subject 2012 Chevrolet Malibu.

i.   Autoliv manufactured and supplied the seat belt assembly component integrated into the restraint system of the 2012 Chevrolet Malibu by General Motors LLC.  Since Autoliv's seat belt assembly was not defective and Autoliv did not participate in the design of the restraint system in the 2012 Chevrolet Malibu into which its seat belt assembly was integrated, Autoliv cannot be liable to Plaintiffs.

---

[3] Plaintiffs object to this new affirmative defense that was not previously pled and was inserted into the final Pretrial Order on the afternoon that it was due to be filed.  Plaintiff has had no opportunity to perform discovery on this matter or prepare motions in limine.

j.     K.F.'s injuries were caused by her position in the front passenger seat.

6   <u>EXHIBITS</u>.  The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.    **<u>Plaintiffs</u>:**

(Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Description | Objections | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Subject Vehicle – 2012 Chevrolet Malibu - VIN 1G1ZD5EU0CF383419 | NO. | |
| 2. | Subject Passenger Seatbelt | NO. | |
| 3. | Subject Passenger Seat | NO. | |
| 4. | Exemplar Passenger Seatbelt | YES. | Relevance, Fed. R. Evid. 402; reserved until specifically identified. |
| 5. | Exemplar Passenger Seat | YES. | Relevance, Fed. R. Evid. 402; reserved until specifically identified. |
| 6. | Exemplar IEE sensor mat and components | YES. | Relevance, Fed. R. Evid. 402; reserved until specifically identified. |
| 7. | Oklahoma City Police Department Official Oklahoma Traffic Collision Report – Case No. 14-21174 | NO objection to the diagram. YES to the remaining portions of the report. | Hearsay, Fed. R. Evid. 802. |
| 8. | Oklahoma City Police Department Traffic Collision Follow-up Sheet – Case No. 14- | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802. |

|   | 21174 |   |   |
|---|---|---|---|
| 9. | CDR Report – VIN 1G1ZD5EU0CF383419 – Case No. 14-21174 – EDR date saved: March 18, 2014 – produced by Oklahoma City Police Department | NO. |   |
| 10. | CDR Report – VIN 1G1ZD5EU0CF383419 – ACM.PDF – EDR Saved on January 25, 2018 – downloaded at Quality Towing | NO. |   |
| 11. | CDR Report - VIN 1G1ZD5EU0CF383419 –ACM-ETR.PDF – EDR Saved on January 25, 2018 – downloaded at Quality Towing | NO. |   |
| 12. | Accident Scene photographs – Oklahoma City Police Department | NO objection to photographs by Oklahoma City PD previously produced. |   |
| 13. | Composite of photographs of Kaitlyn M. Faust before and after subject accident | NO objection to photographs of K.F. previously produced by Plaintiffs. |   |
| 14. | Video of Kaitlyn M. Faust in hospital - 3/18/2014 | YES. | Relevance, Fed. R. Evid. 402; cumulative; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 15. | Radiology Image – 3/18/2014 – Kaitlyn M. Faust | YES. | Relevance, Fed. R. Evid. 402. |
| 16. | Funeral Bulletin – Kaitlyn Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |

| 17. | Photograph – Funeral – Kaitlyn M. Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
|---|---|---|---|
| 18. | Death Certificate – Kaitlyn M. Faust | NO. | |
| 19. | Autopsy Report – Kaitlyn M. Faust | NO. | |
| 20. | Transcript of Choctaw-Nicoma Park Public School Spring 2012 – Kaitlyn M. Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 21. | EMSA Medical Records – 3/17/14 – Kaitlyn Faust | NO. | |
| 22. | Combined Medical Records – OU Medical Center – Kaitlyn Faust | NO. | |
| 23. | Combined Medical Bills – OU Medical Center – Kaitlyn Faust | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802. Not admissible under Okla. Stat. tit. 12, § 3009.1.  See Oklahoma Health Care Authority Lien. |
| 24. | Medical Records – OU Pediatric – Kaitlyn Faust | NO. | |
| 25. | Medical Records – OU Medical Center – Ashley Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.[4] |
| 26. | Medical Bills – OU Medical Center – Ashley Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, |

[4] Plaintiff Ashley Faust is not making a personal injury claim, see email from Piper John to H. Treas, August 30, 2017, therefore, her medical records and bills are not relevant. [Ex. 1].

| | | | Fed. R. Evid. 802.[5] |
|---|---|---|---|
| 27. | Neil Hanneman Expert Report dated June 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid 403; Hearsay, Fed. R. Evid. 802; Opinions based on insufficient facts and not reliable, Fed. R. Evid. 702; Opinions not based on facts, Fed. R. Evid. 703; Cumulative; incorporate by reference the objections contained in Autoliv Motion to Exclude Expert Testimony of Hannemann [Doc. 86] and GM's Motion to Exclude the Expert Testimony of Hannemann [Doc. 88]. |
| 28. | Neil Hanneman CV – April 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; incorporate by reference the objections contained in Autoliv Motion to Exclude Expert Testimony of Hannemann [Doc. 86] and GM's Motion to Exclude |

---

[5] Plaintiff Ashley Faust is not making a personal injury claim, see email from Piper John to H. Treas, August 30, 2017, therefore, her medical records and bills are not relevant. *Id*.

| | | | the Expert Testimony of Hannemann [Doc. 88]. |
|---|---|---|---|
| 29. | Neil Hanneman Testimony List June 2018 | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 30. | Neil Hanneman Fee Schedule | YES. | Relevance, Fed. R. Evid. 402. |
| 31. | Neil Hanneman Vehicle Inspection Photographs – December 8, 2016 at Quality Towing in Norman, Oklahoma | NO objection to photographs of inspection on December 8, 2016, that were timely produced. | |
| 32. | Neil Hanneman selected IIHS testing of Chevrolet Malibu | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Reserved until produced and specifically identified. |
| 33. | GM frontal impact testing of Chevrolet Malibu: | YES. | See specific objections as described below. |
| 33.1 | Report & Video - STL Test No. C16139 – 2008 1ZT69 Chevrolet Malibu LS (Epsilon) (GMX-386) – Mov Veh to Fixed Barr @ 30 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.2 | Report & Video – STL Test C16215 – 2008 1ZS69 Chevrolet Malibu (Epsilon) (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.3 | Report & Video – STL Test C16220 – 2008 1ZS69 Chevrolet Malibu (Epsilon) (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.4 | Report & Video – STL Test | YES. | Relevance, Fed. R. |

|  |  |  |  |
|---|---|---|---|
|  | C16235 – 2008 1ZS69 Chevrolet Malibu (Epsilon) (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg |  | Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.5 | Report & Video – STL Test C16286 – 2008 1ZH69 Chevrolet Malibu LT (GMXk-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.6 | Report & Video – STL Test C16351 – 2008 1ZG69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 30 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.7 | Report & Video – STL Test C16374 – 2008 1ZG69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.8 | Report & Video – STL Test C16410 – 2008 1ZG69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.9 | Report & Video – STL Test C16411 – 2008 1ZH69 Chevrolet Malibu LT (GMX-380/386) Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.10 | Report & Video – STL Test C16416 – 2008 1ZH69 Chevrolet Malibu LT (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.11 | Report & Video – STL Test C16427 – 2008 1ZG69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.12 | Report & Video – STL Test C16439 – 2008 1ZG69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, |

| | | | Fed. R. Evid. 802. |
|---|---|---|---|
| 33.13 | Report & Video – STL Test C16446 – 2008 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.14 | Report & Video – STL Test C16456 – 2009 1ZG69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.15 | Report & Video – STL Test C16472 – 2008 1ZH69 Chevrolet Malibu LS (GMX-380/386) – Mov Veh to Lt Overlap Deformable Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.16 | Report & Video – STL Test C16742 – 2010 1ZH69 Chevrolet Malibu LT (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.17 | Report & Video – STL Test C17063 – 2011 1ZG69 Chevrolet Malibu LS (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.18 | Report & Video – STL Test C17105 – 2011 1ZH69 Chevrolet Malibu LT (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.19 | Report & Video – STL Test C17166 – 2011 1ZG69 Chevrolet Malibu LS (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.20 | Report & Video – STL Test C17167 – 2011 1ZG69 Chevrolet Malibu LS (GMX-386) – Mov Veh to Lt Overlap Deformable Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.21 | Report & Video – STL Test | YES. | Relevance, Fed. R. |

| | | | |
|---|---|---|---|
| | C17219 – 2011 1ZG69 Chevrolet Malibu LS (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | | Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.22 | Report & Video – STL Test C17243 – 2011 1ZH69 Chevrolet Malibu LT (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.23 | Report & Video – STL Test C17318 – 2011 1ZG69 Chevrolet Malibu LS (GMX-386) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.24 | Report & Video – STL Test C17397 – 2012 1GM69 Malibu 1EU11 (V300) Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.25 | Report & Video – STL Test C17429 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) - Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.26 | Report & Video – STL Test C17441 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.27 | Report & Video – STL Test C17454 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.28 | Report & Video – STL Test C17463 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) – Mov Veh to Lt Overlap MIRRC CFB @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.29 | Report & Video – STL Test C17488 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) – Mov Veh to Lt Overlap | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, |

| | Deformable Barr @ 0 Deg | | Fed. R. Evid. 802. |
|---|---|---|---|
| 33.30 | Report & Video – STL Test C17504 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.31 | Report & Video – STL Test C17542 – 2012 1GL69 Chevrolet Malibu 1SS1 (E12) – Mov Veh to Fixed Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.32 | Report & Video – STL Test C17550 – 2012 1GM69 Chevrolet Malibu 1EU11 (V300) – Mov Veh to Lt Overlap MIRRC CFB @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.33 | Report & Video – STL Test C17626 – 2012 1GG69 Chevrolet Malibu 1Base1 E12) – Mov Veh to Lt Overlap Deformable Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 33.34 | Report & Video – STL Test C17646 – 2012 1GM69 Chevrolet Malibu 1EU11 V300) – Mov Veh to Lt Overlap Deformable Barr @ 0 Deg | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 34. | STIS Search Summary – 2008-2012 GMX386 Fontal Impact Testing – Bates No. FAUST000007026 – FAUST00007037 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 35. | Reference Materials Used/Reviewed by Neil Hanneman re: Report dated June 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Unfair Prejudice, Fed. R. Evid. 403. |
| 35.1 | Volvo Vision 2020 – 2009 circa PDF | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Unfair Prejudice, Fed. R. Evid. 403. |
| 35.2 | 13.25 Safety Belt Reference | YES. | Relevance, Fed. R. |

| | | | |
|---|---|---|---|
| | Materials | | Evid. 402, Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 35.3 | 13.26 Airbag Reference Materials | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; *see* Court's Order granting summary judgment for Autoliv on Plaintiffs' airbag claim, Doc. 104. |
| 35.4 | IIHS Reference Materials | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 35.5 | Occupant Classification Reference Materials | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 35.6 | Section IV Crashworthiness Reference Materials | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 36. | William P. Munsell Expert Report dated June 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 37. | William P. Munsell CV and Testimony List – June 2018 | NO. | |
| 38. | William P. Munsell Inspection Photographs – March 9, 2016 | NO objections to photographs timely produced. | |
| 39. | William P. Munsell Accident Scene Diagram | YES. | Relevance, Fed. R. Evid. 402; Unfair |

| | | | |
|---|---|---|---|
| | | | Prejudice, Fed. R. Evid. 403; improper expert evidence, Fed. R. Evid. 702. |
| 40. | William P. Munsell File Materials | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative; improper expert evidence, Fed. R. Evid. 702. |
| 41. | William P. Munsell Accident Scene Measurements | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; improper expert evidence, Fed. R. Evid. 702. |
| 42. | William P. Munsell calculations | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; improper expert evidence, Fed. R. Evid. 702. |
| 43. | William P. Munsell Demonstrative Exhibits | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; ; improper expert evidence, Fed. R. Evid. 702; reserved until produced and specifically identified. |
| 44. | Reference Materials Used/Reviewed by William P. Munsell re: Report dated June 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; improper expert evidence, Fed. R. |

| | | | Evid. 702; Reserved until produced and specifically identified. |
|---|---|---|---|
| 45. | Mariusz Ziejewski, Ph.D. Expert Report dated June 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative, Fed. R. Evid. 403; improper expert evidence, Fed. R. Evid. 702. |
| 46. | Mariusz Ziejewski CV – June 2018 | NO. | |
| 47. | Mariusz Ziejewski Testimony List | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 48. | Mariusz Ziejewski Inspection Photographs | NO objections to photographs of the subject vehicle timely produced. | |
| 49. | Mariusz Ziejewski 3d Faro Scan vehicle model | NO objection to scans timely produced. | |
| 50. | Mariusz Ziejewski Exemplar Study | NO. | |
| 51. | Mariusz Ziejewski Exemplar Photographs | NO objections to photographs of surrogate studies previously produced. | |
| 52. | Mariusz Ziejewski 3d FARO Scan accident site model | NO objection to scans timely produced. | |
| 53. | Mariusz Ziejewski body drawings and injury drawings | YES. | Relevance, Fed. R. Evid. 402, Unfair |

| | | | |
|---|---|---|---|
| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 54. | Mariusz Ziejewski exemplar body models | YES. | Relevance, Fed. R. Evid. 402, Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 55. | Mariusz Ziejewski demonstrative exhibits | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; reserved until produced and specifically identified. |
| 56. | Mariusz Ziejewski file materials | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; reserved until produced and specifically identified. |
| 57. | Reference materials used/reviewed by Mariusz Ziejewski re: Report dated June 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Reserved until produced and specifically identified. |
| 58.-74. | **INTENTIONALLY LEFT BLANK** | | |
| 75. | Videotaped Deposition of ASHLEY FAUST taken January 5, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |

| 76. | Exhibits to the videotaped deposition of ASHLEY FAUST taken January 5, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below; incorporated by reference; Cumulative, Fed. R. Evid. 403. |
|---|---|---|---|
| 76.1 | Exhibit 1 – Photograph of front console 2012 Chevrolet Malibu | NO. | |
| 77. | Videotaped deposition of JILL FAUST taken May 14, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 78. | Videotaped deposition of RICHARD FAUST taken January 5, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 79. | Exhibits to the videotaped deposition of RICHARD FAUST taken January 5, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below; incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 79.1 | Exhibit 1 – Photograph of front console 2012 Chevrolet Malibu | NO. | |
| 79.2 | Exhibit 2 – Accident scene photographs taken by Oklahoma City Police Department | NO objection to photographs of Oklahoma City PD previously produced. | Cumulative, Fed. R. Evid. 403. |
| 79.3 | Exhibit 3 – Accident scene photographs taken by Oklahoma City Police Department | NO objection to photographs of Oklahoma City PD previously produced. | Cumulative, Fed. R. Evid. 403. |
| 79.4 | Exhibit 4 – Oklahoma City Police Department Official Oklahoma Traffic Collision Report – Case | NO objection to the diagram. YES to the | Hearsay, Fed. R. Evid. 802; Cumulative, Fed. R. |

| | | | |
|---|---|---|---|
| | No. 14-21174 | remaining portions of the report. | Evid. 403. |
| 79.5 | Exhibit 5 – May 21, 2014 letter from State Farm to Mark Bonner re liability and UM claims against insured Ashley Faust | NO. | |
| 79.6 | Exhibit 6 - June 4, 2014 letter from State Farm to Richard E. Faust tendering payment for total loss of the Subject Vehicle | NO. | |
| 80. | Videotaped Deposition of JUSTIN FREDERICK taken January 5, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 81. | Videotaped deposition of SAMUEL LEWIS taken March 28, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 82. | Exhibits to the videotaped deposition of SAMUEL LEWIS taken March 28, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below; incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 82.1 | Exhibit 1 – Photograph of back of fire engine E27 taken at accident scene | NO objection to photographs of Oklahoma City PD previously produced. | |
| 82.2 | Exhibit 2 – Photograph of rescue team/firemen beside Subject Vehicle taken at accident scene | NO objection to photographs of Oklahoma City PD previously produced. | |
| 82.3 | Exhibit 3 – Oklahoma City Fire Department Run Sheet – Incident 14014339 – Incident Date: | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802. |

| | 03/17/2014 | | |
|---|---|---|---|
| 82.4 | Exhibit 4 – Incident Detail Report – Incident No. 201403170022011 taken off Internet re: Subject Accident | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802. |
| 82.5 | Exhibit 5 – Accident Scene photographs showing passenger side of vehicle | NO objection to photographs of Oklahoma City PD previously produced. | |
| 82.6 | Exhibit 6 – Accident Scene photographs showing passenger side of vehicle | NO objection to photographs of Oklahoma City PD previously produced. | |
| 82.7 | Exhibit 7 – Accident Scene photographs showing passenger side of vehicle showing inside of vehicle | NO objection to photographs of Oklahoma City PD previously produced. | |
| 83. | Videotaped Deposition of DENNIS PAIGE taken March 28, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 84. | Exhibits to videotaped deposition of DENNIS PAIGE taken March 28, 2018, not otherwise objected to by Plaintiffs | NO. | |
| 84.1 | Exhibit 12 – Close-up of driver's side of Subject Vehicle taken at accident scene | NO objection to photographs of Oklahoma City PD previously produced. | |
| 84.2 | Exhibit 13 – Photographs of driver's side of Subject Vehicle taken at accident scene | NO objection to photographs of Oklahoma City PD previously | |

| | | produced. | |
|---|---|---|---|
| 85. | Videotaped Deposition of DAVID PRENTKOWSKI taken May 3, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 86. | Exhibits to the videotaped deposition of DAVID PRENTKOWSKI taken May 3, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below; incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 86.1 | Exhibit 1 – CV David Prentkowski | NO. | |
| 86.2 | Exhibit 2 – Second Amended Notice of Intention to Take Oral/Videotaped Depositions Duces Tecum of Defendant Autoliv ASP, INC Pursuant to Fed. R. Evid. 30(b)(6) | YES. | Relevance, Fed. R. Evid. 402. |
| 86.3 | Exhibit 3 – 2008 GMX386 Chevrolet Malibu Final Report to the Performance Assessment Committee (PAC) | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 86.4 | Exhibit 4 – Drawing: PLM: Part Drawing 6194217 007 – Released on 2011-09-08 – marked: *Faust v. Autoliv Confidential Pursuant to Order Doc 64* | NO. | |
| 86.5 | Exhibit 5 – 2011 GMX386 Final PAC (Performance Assessment Committee) Report Supplement – Bates No. FAUST000015508 – FAUST000015517 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 86.6 | Exhibit 6 - "Crash Testing" [Autoliv document] | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 86.7 | Exhibit 7 – Report No. NCAP-CAL-11-011 – New Car Assessment Program (NCAP) | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. |

| | | | |
|---|---|---|---|
| | Frontal Barrier Impact Test – GM 2011 Chevrolet Malibu 1LS 4-Door Sedan – NHTSA Number: MB0111 – Cal span Test Number: TR2464 – dated: November 19, 2010 – marked: *Faust v. Autoliv Confidential Pursuant to Order Doc 64* – Bates No. AUTOLIV 000180 – AUTOLIV 000377 | | Evid. 801. |
| 86.8 | Exhibit 8 – PV-Analysis/Development/Validation Plan & Report (ADV P&R) – GM 1829 – E377597 - marked: *Faust v. Autoliv* Case 5:16-cv-00961-F Document 68 Filed 07/10/18 Page 6 of 12 Plaintiffs' Trial Exhibit List - 7 *Confidential Pursuant to Order Doc 64* – Bates No. AUTOLIV 000174 – AUTOLIV 000179 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 801. |
| 87. | Videotaped Deposition of HAMED SADRNIA taken December 12, 2017, not otherwise objected to by Plaintiffs | YES. | |
| 88. | Exhibits to videotaped deposition of HAMED SADRNIA taken December 12, 2017, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403 |
| 88.1 | Exhibit 1 – CVBV [sic] of Hamed Sadrnia | NO. | |
| 88.2 | Exhibit 2 – GMNA Static Automatic Suppression Component Technical Specification (CM20324, Ver. 2.2 and Ver. 3.4 Communication Protocols) Revision 1.3 – Date: 11May04 - GMX384, GMX386 – | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |

| | | | |
|---|---|---|---|
| | marked: *IEE Confidential – Subject to Protective Order* - Bates No. FAUST000016308 – FAUST000016355 | | |
| 88.3 | Exhibit 3 - GM Part Submission Warrant – Part Name: Sensor Asm-Fnfl Rest Frt SI MP Non-Vented; Cust. Part No. 20912758 – marked: *IEE Confidential – Subject to Protective Order* – Bates No. FAUST000016464 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 88.4 | Exhibit 4 - GM Confidential Memorandum – Platform GMX386 – Project/EWO No. N E 386 PO 80; PER/Report No. 08-X386-PS02 – Category: CRA-Crashworthiness; Date: 05 Jun 2007; Title: 2008 GMX386 IEE Passenger Sensing System Static Validation Tests – marked: *Produced Pursuant to Protective Order* - Bates No. FAUST000005316 – FAUST000005336 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 88.5 | Exhibit 5 – 2008 GMX386 Chevrolet Malibu Passenger Sensing System IEE OC System – Final Performance Review – Elizabeth Kiihr – Suppression Performance – Bates No. FAUST000006905 – FAUST000006950 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 88.6 | Exhibit 6 - GMX386 2008 Chevrolet Malibu Safety Final Performance Report – Presented to GMNA Safety Integration Technical Staff on June 28, 2007 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 88.7 | Exhibit 7 - 2008 GMX386 Chevrolet Malibu Final Report to the Performance Assessment Committee (PAC) – Date Presented: 6/14/07 [32 selected pages] | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |

| 88.8 | Exhibit 8 – 2008 GMX386 Final PAC (Performance Assessment Committee) Report Supplement – Doc. Revised: 04/16/2008 - marked: GM Confidential | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 88.9 | Exhibit 9 - 2010 GMX386 Chevrolet Malibu Passenger Sensing System IEE Automatic Occupant Sensing (AOS) – Final Performance Review dated 11 Mar 09 – marked: GM Confidential | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 88.10 | Exhibit 10 - 2011 GMX386 Final PAC (Performance Assessment Committee) Report Supplement – date: 07/02/2010 – marked: GM Confidential | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 88.11 | Exhibit 11 - 2011 GMX386 Final PAC (Performance Assessment Committee) Report Supplement – date: 07/29/2011 – marked: Case 5:16-cv-00961-F Document 68 Filed 07/10/18 Page 7 of 12 Plaintiffs' Trial Exhibit List - 8 *Produced Pursuant to Protective Order* – Bates No. FAUST000015506 – FAUST000015517 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 88.12 | Exhibit 12 - 2011 GMX386 Final PAC (Performance Assessment Committee) Report Supplement – date: 07/16/2010 – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000004826 – FAUST000004846 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 88.13 | Exhibit 13 – Recall Notice – Passenger Front Airbag Non-Deployment – 2008-2012 Malibu, 2008-2010 Saturn Aura, 2008-02010 Pontiac G6 – GFPE#: N-150773 – marked: *Produced Subject to Protective Order* | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |

| | | | |
|---|---|---|---|
| | - Bates No. FAUST000013755 – FAUST000013782 | | |
| 88.14 | Exhibit 14 – Recall Notice – Asymmetric Frontal Airbag Deployment – 2008-2012 Mali u, 2008-2010 Saturn Aura, 2008-2010 Pontiac G6 – GVS-CORE#: N-150773 – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000013665 – FAUST000013689 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 88.15 | Exhibit 15 – Recall Notice – Passenger Font Airbag Non-Deployment (No DTCs) – 2008-2012 Malibu, 2008-2010 Saturn Aura, 2008-2010 Pontiac G6 – GVS Core: N15-205650 – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000016479 – FAUST000016512 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 89. | Videotaped Deposition of WILLIAM DALE SCRUGGS taken February 15, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 90. | Exhibits to videotaped deposition of WILLIAM DALE SCRUGGS taken February 15, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 90.1 | Exhibit 1 - Oklahoma City Police Department Official Oklahoma Traffic Collision Report – Case No. 14-21174 | NO objection to the diagram. YES to the remaining portions of the report. | Hearsay, Fed. R. Evid. 802. |
| 90.2 | Exhibit 2 – Oklahoma City Police Department Crime Report – Reported Date: 03/17/14 – | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802. |

| | | | |
|---|---|---|---|
| | Driver: Ashley Dawn Faust | | |
| 90.3 | Exhibit 3 - 61 Photographs taken at accident scene by Oklahoma City Police Department | NO objections to photographs of Oklahoma City PD previously produced. | |
| 90.4 | Exhibit 4 – Photograph taken at accident scene by Oklahoma City Police Department showing Subject Vehicle at rest against tree – passenger-side door open | NO objections to photographs of Oklahoma City PD previously produced. | |
| 90.5 | Exhibit 5 – Photograph taken at accident scene by Oklahoma City Police Department – close-up view of Subject Vehicle post-accident – Subject Vehicle resting against tree - passenger-side door open | NO objections to photographs of Oklahoma City PD previously produced. | |
| 90.6 | Exhibit 6 – Photograph taken at accident scene by Oklahoma City Police Department - close-up view of Subject Vehicle post-accident – Subject Vehicle resting against tree - passenger-side door open | NO objections to photographs of Oklahoma City PD previously produced. | |
| 90.7 | Exhibit 7 – 4 Photographs taken at accident scene by Oklahoma City Police Department – close-ups of driver's side inside views | NO objections to photographs of Oklahoma City PD previously produced. | |
| 90.8 | Exhibit 8 – 3 Photographs taken at accident scene by Oklahoma City Police Department – close-ups of passenger side inside views | NO objections to photographs of Oklahoma City PD previously produced. | |
| 91. | Videotaped deposition of JOE M. SMITH taken March 28, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; |

| | | | Cumulative. |
|---|---|---|---|
| 92. | Exhibits to the deposition of JOE M. SMITH taken March 28, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 92.1 | Exhibit 8 - Photograph taken at accident scene by Oklahoma City Police Department – front view of vehicle at rest against tree – passenger side with door open | NO objections to photographs of Oklahoma City PD previously produced. | |
| 92.2 | Exhibit 9 - Photograph taken at accident scene by Oklahoma City Police Department – close-up front - driver's side view | NO objections to photographs of Oklahoma City PD previously produced. | |
| 92.3 | Exhibit 10 – EMS Incident Report – Oklahoma City Fire Department – Incident Date: 03/17/2014 – Unit #E27 | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802. |
| 93. | Videotaped Deposition of SCOTTY D. SPENCE taken March 28, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 94. | Exhibits to videotaped deposition of SCOTTY D. SPENCE taken March 28, 2018, not otherwise objected to by Plaintiffs | | |
| 94.1 | Exhibit 11 - Photograph taken at accident scene by Oklahoma City Police Department – close-up passenger side – vehicle at rest against tree | NO objections to photographs of Oklahoma City PD previously produced. | |
| 95. | Videotaped Deposition of TORI M. SPENCER taken May 14, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; |

| | | | Cumulative. |
|---|---|---|---|
| 96. | Exhibits to videotaped deposition of TORI M. SPENCER taken May 14, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 96.1 | Exhibit 1 – EMSA Patient Care Report – Kaitlyn Faust | NO. | |
| 97. | Videotaped Deposition of ERIC L. STARK taken May 7, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 98. | Exhibits to videotaped deposition of ERIC L. STARK taken May 7, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 98.1 | Exhibit 1 - Photograph taken at accident scene by Oklahoma City Police Department – close-up of Subject Vehicle resting against tree – passenger-side view with door open | NO objections to photographs of Oklahoma City PD previously produced. | |
| 98.2 | Exhibit 2 – Photograph taken at accident scene by Oklahoma City Police Department – view of rescue vehicle E27 showing rescue team beside passenger side of subject vehicle | NO objections to photographs of Oklahoma City PD previously produced. | |
| 98.3 | Exhibit 3 – Photograph taken at accident scene by Oklahoma City Police Department – rear view of rescue vehicle E27 showing Subject Vehicle resting against tree with passenger side door open | NO objections to photographs of Oklahoma City PD previously produced. | |
| 99. | Videotaped Deposition of ELIZABETH KIIHR taken May | YES. | Relevance, Fed. R. Evid. 402, 403; |

| | 4, 2018, not otherwise objected to by Plaintiffs | | Hearsay, Fed. R. Evid. 802; Cumulative. |
|---|---|---|---|
| 100. | Exhibits to videotaped deposition of ELIZABETH KIIHR taken May 4, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 100.1 | Exhibit 1 - CV of Elizabeth Kiihr | NO. | |
| 100.2 | Exhibit 2 - Amended Notice of Deposition – Elizabeth Kiihr | YES. | Relevance, Fed. R. Evid. 402. |
| 100.3 | Exhibit 3 - GMNA Static Automatic Suppression Component Technical Specification (CM20324, Ver. 2.2 and Ver. 3.4 Communication Protocols) Revision 1.3 – Date: 11May04 - GMX384, GMX386 – marked: *IEE Confidential – Subject to Protective Order* - Bates No. FAUST000016308 – FAUST000016355 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 100.4 | Exhibit 4 – Handwritten Note | YES. | Vague; Relevance, Fed. R. Evid. 402; Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 100.5 | Exhibit 5 - GM Confidential Memorandum – Platform GMX386 – Project/EWO No. N E 386 PO 80; PER/Report No. 08-X386-PS02 – Category: CRA-Crashworthiness; Date: 05 Jun 2007; Title: 2008 GMX386 IEE Passenger Sensing System Static Validation Tests – marked: *Produced Pursuant to Protective Order* - Bates No. FAUST000005316 – FAUST000005336 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 100.6 | Exhibit 6 - 2008 GMX386 | YES. | Relevance, Fed. R. |

|  | Chevrolet Malibu Passenger Sensing System IEE OC System – Final Performance Review – Elizabeth Kiihr – Suppression Performance – Bates No. FAUST000006905 – FAUST000006950 |  | Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 100.7 | Exhibit 7 - Customer Report OC Project 10950 GMX386 Certification Data Performance and Robustness on v8x Algorithm – Date: 01 May 2007 – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000016513 – FAUST000016551 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 100.8 | Exhibit 8 - 2008 GMX386 Chevrolet Malibu Final Report to the Performance Assessment Committee (PAC) – Date Presented: 6/14/07 – marked: GM Confidential – Bates No. FAUST000004627 – FAUST000004768 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 100.9 | Exhibit 9 - 2010 GMX386 Chevrolet Malibu Passenger Sensing System IEE Automatic Occupant Sensing (AOS) – Final Performance Review dated 11 Mar 09 – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000006950 – FAUST000006999 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 100.10 | Exhibit 10 - 2012 Malibu Owner's Manual – Bates No. FAUST000000001 – FAUST000000404 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 100.11 | Exhibit 11 - GM Confidential Memorandum – Platform GMX386 – Project/EWO No. N E ALZ PO 80; PER/Report No. 08-X386-PS04 – Date: 07 June 2007 – Title: 2008 GMX386 IEE | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |

|  | Passenger Sensing System Dynamic Drive Validation Tests – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000005408 – FAUST000005418 |  |  |
|---|---|---|---|
| 100.12 | Exhibit 12 - Customer Report OC Project 10950 GMX386 Certification Data Performance and Robustness on v8x Algorithm – Updated: 31.May.07 – Release 2 – marked: *Produced Pursuant to Protective Order* – Bates No. FAUST000016595 – FAUST000016633 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802. |
| 101. | Videotaped Deposition of Jon Bready taken on October 2, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 102. | Exhibits to the videotaped deposition of Jon Bready taken on October 2, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 102.1. | Exhibit 1 – Binder created by Jon Bready | NO. |  |
| 102.2. | Exhibit 2 – Photo, CDR Tool Help and CSE Site Survey Points of Description | NO. |  |
| 103. | Videotaped Deposition of Paul Van Rooyen taken October 8, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 104. | Exhibits to the videotaped deposition of Paul Van Rooyen taken October 8, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. |

| | | | Evid. 403. |
|---|---|---|---|
| 104.1. | Exhibit 1 – Table of Contents of Paul Van Rooyen Deposition File Materials | YES. | Relevance, Fed. R. Evid. 402. |
| 104.2. | Exhibit 2 – File Materials of Paul Van Rooyen | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 104.3. | Expert Report by Paul Van Rooyen dated July 20, 2018 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; cumulative. |
| 105. | Videotaped Deposition of William Van Arsdell taken October 12, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 106 | Depositions of Mariusz Ziejewski taken September 21, 2018 and October 15, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 106.1 | Videotaped Deposition of Mariusz Ziejewski taken September 21, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 106.2 | Videotaped Deposition of Mariusz Ziejewski taken October 15, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107 | Exhibits to the depositions of Mariusz Ziejewski taken September 21, 2018 and October 15, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 107.1 | Exhibits to the deposition of Mariusz Ziejewski taken September 21, 2018, not | YES. | See specific objections as described below, |

| | otherwise objected to by Plaintiffs | | incorporated by reference; Cumulative, Fed. R. Evid. 403. |
|---|---|---|---|
| 107.1.1 | CV – Mariusz Ziejewski | NO. | |
| 107.1.2 | Formal Training | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.1.3 | Summary of CV | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.1.4 | Case List | YES. | Relevance, Fed. R. Evid. 402. |
| 107.1.5 | Billings | YES. | Cumulative. |
| 107.1.6 | Photograph of thumb drive | YES. | Relevance, Fed. R. Evid. 402. |
| 107.1.7 | Passenger Position – K.F. | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.1.8 | Excerpts from Hamed Sadrnia Deposition 12/12/17 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.1.9 | Measurements of Subject Belt | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403. |
| 107.1.10 | Measurements of Surrogate Belt 2 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403. |
| 107.1.11 | Measurements of seat belt with surrogate | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Fed. R. Evid. 703. |
| 107.1.12 | Expert report of Mariusz Ziejewski dated 6/20/18 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; cumulative. |

| 107.1.13 | Exhibit 13 from Hamed Sadrnia Deposition dated 12/12/17 | YES. | Not properly identified. Exhibit 13 to Ziejewski's deposition is not Exhibit 13 from Sadrnia's deposition; Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; cumulative. |
| --- | --- | --- | --- |
| 107.1.14 | 2008 Chevrolet Malibu Dimensions dated 7/11/18 | YES. | Relevance, Fed. R. Evid. 402; cumulative. |
| 107.1.15 | Height and Weight Comparison | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403. |
| 107.1.16 | 2011 Chevrolet Malibu Dimensions dated 9/11/18 | YES. | Relevance, Fed. R. Evid. 402; cumulative. |
| 107.1.17 | Memo to File re Contact from Jason E. Robinson re case | YES. | Relevance, Fed. R. Evid. 402. |
| 107.1.18 | Photographs of Subject Vehicle | NO objections to Ziejewski's photographs of the subject vehicle that were previously and timely produced. | |
| 107.1.19 | Photographs taken at accident scene | NO objections to Ziejewski's photographs of the scene that were previously and timely produced. | |
| 107.1.20 | 3D Images of Subject Vehicle | NO objections to Ziejewski's 3D images of the subject vehicle that were previously and | |

| | | timely produced. | |
|---|---|---|---|
| 107.1.21 | 2012 Chevrolet Malibu Dimensions dated 6/18/18 | YES. | Relevance, Fed. R. Evid. 402; cumulative. |
| 107.1.22 | Velocity Measurements | YES. | Relevance, Fed. R. Evid. 402; cumulative. |
| 107.1.23 | Impressions – K.F. | YES. | Unfair Prejudice Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; cumulative. |
| 107.1.24 | Impressions – Ashley Faust | YES. | Unfair Prejudice Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; cumulative. |
| 107.1.25 | Photograph of thumb drive | YES. | Relevance, Fed. R. Evid. 402. |
| 107.1.26 | Photographs of Vehicle Inspection 6/4/18 | NO objections to Ziejewski's photographs of the subject vehicle that were previously and timely produced. | |
| 107.1.27 | Photos and measurements of seat belt | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; cumulative. |
| 107.1.28 | Photos and measurements of airbag | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; cumulative. |
| 107.1.29 | NHTSA Report R&D-CAL-13-004-Volvo 2013 XC60 | YES. | Relevance, Fed. R. Evid. 402; cumulative. |
| 107.1.30 | Photographs of accident scene | NO objections to photographs of the scene that were previously and timely produced. | |
| 107.1.31 | Photographs of vehicle at accident scene | NO objections to photographs of the vehicle | |

| | | that were previously and timely produced. | |
|---|---|---|---|
| 107.1.32 | NHTSA Report No. TR-P28801-H-NC  3/26/08 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; cumulative. |
| 107.1.33 | IIHS Moderate Overlap Frontal Crashworthiness Evaluation September 2014 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403; cumulative. |
| 107.2 | Exhibits to the deposition of Mariusz Ziejewski taken October 15, 2018, not otherwise objected to by Plaintiffs | YES. | |
| 107.2.11A | Photographs and measurements of surrogate in seat belt | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Fed. R. Evid. 703. |
| 107.2.11B | Photographs and measurements of surrogate in seat belt | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Fed. R. Evid. 703. |
| 107.2.34 | Test No. 1560 – 1991 Mazda Protégé | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; cumulative. |
| 107.2.35 | Test No. 8475 – 2013 Volvo XC60 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; cumulative. |
| 107.2.36 | Test No. 6268 – 2008 Malibu LS 4D & Test No. 6298 – 2011 Malibu LS 4D | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 107.2.37 | Measurement from roof to seat bottom | NO objections to photographs previously and timely produced. YES to the measurements | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; cumulative. |

| | | being offered as an exhibit. | |
|---|---|---|---|
| 107.2.38 | Measurement of seat belt with surrogate | NO objections to photographs previously and timely produced. YES to the measurements being offered as an exhibit. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; cumulative. |
| 107.2.39 | Measurements of seat belt with surrogate | NO objections to photographs previously and timely produced. YES to the measurements being offered as an exhibit. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; cumulative. |
| 107.2.40 | Techniques for Developing Child Dummy Protection | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 107.2.41 | Passenger Position – K.F. | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.42 | Measurements of surrogate belt | NO objections to photographs previously and timely produced. YES to the measurements being offered as an exhibit. | Relevance, Fed. R. Evid. 402; Unfair Prejudice Fed. R. Evid. 403. |
| 107.2.43 | Deposition of Wesley Hester 8/14/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.44 | Accident Report | NO objection to the diagram. YES to the remaining | Hearsay, Fed. R. Evid. 802. |

| | | | |
|---|---|---|---|
| | | portions of the report. | |
| 107.2.45 | Medical Records from EMSA – K.F. | NO objections to medical records previously and timely produced. | |
| 107.2.46 | Medical Records from OU Medical Center – K.F. | NO objections to medical records previously and timely produced. | |
| 107.2.47 | Medical Records from OUCP Sooner Pediatrics – K.F. | NO objections to medical records previously and timely produced. | |
| 107.2.48 | Index of Medical Records Vol. 1 – Ashley Faust | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.49 | Reference List | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.50 | Medical Records from Eagle Med – Ashley Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.[6] |
| 107.2.51 | Medical Records from OU Medical Records – Ashley Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.[7] |
| 107.2.52 | Deposition of Ashley Faust 1/5/18 | YES. | Relevance, Fed. R. Evid. 402, 403; |

[6] Plaintiff Ashley Faust is not making a personal injury claim, see email from Piper John to H. Treas, August 30, 2017, therefore, her medical records and bills are not relevant. [Ex. 1].

[7] Plaintiff Ashley Faust is not making a personal injury claim, see email from Piper John to H. Treas, August 30, 2017, therefore, her medical records and bills are not relevant. [Ex. 1].

| | | | |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.53 | Deposition of Elizabeth Kiihr 5/4/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.54 | Deposition of David Prentowski 5/3/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.55 | Deposition of Hamed Sadrnia 12/12/17 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.56 | Expert Report of Jon Bready 7/10/18 | NO. | |
| 107.2.57 | Expert Report of Paul Van Rooyen 7/20/18 | NO. | |
| 107.2.58 | Expert Report of Kathryn F. Anderson 7/20/18 | NO. | |
| 107.2.59 | Expert Report of Hamed Sadrnia 7/20/18 | NO. | |
| 107.2.60 | Expert Report of Elizabeth Raphael 7/20/18 | NO. | |
| 107.2.61 | Expert Report of William Van Arsdell 7/11/18 | NO. | |
| 107.2.62 | Expert Report of William Hohnstadt 7/20/18 | NO. | |
| 107.2.63 | Deposition of William P. Munsell 8/7/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.64 | Deposition of Jill Faust 5/14/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.65 | Deposition of Justin Frederick 1/5/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.66 | Deposition of Richard Faust 1/5/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.67 | Deposition of William Dale | YES. | Relevance, Fed. R. |

| | | | |
|---|---|---|---|
| | Scruggs 2/15/18 | | Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.68 | Deposition of Dennis Paige 3/28/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.69 | EMS Incident Report 3/17/14 | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.70 | Deposition of Samuel Lewis 3/28/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.71 | Deposition of Tori Spencer 5/14/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.72 | Deposition of Joe M. Smith 3/28/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.73 | Oklahoma City Fire Department Report 3/17/14 | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.74 | Deposition of Scotty Spence 3/28/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.75 | Deposition of Eric L. Stark 5/7/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.76 | Deposition of Trevor L. Kelley 5/7/18 | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.77 | ME Report - K.F. | NO. | |
| 107.2.78 | Incident Detail Report | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.79 | Traffic Collision Follow-up | YES. | Relevance, Fed. R. |

| | Sheet OKCPD | | Evid. 402; Hearsay, Fed. R. Evid. 802; Cumulative. |
|---|---|---|---|
| 107.2.80 | Standard Supplement Report | YES. | Relevance, Fed. R. Evid. 402; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 107.2.81 | Petition | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.82 | GM's Answer, Affirmative Defenses and Jury Demand | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.83 | Amended Complaint | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.84 | GM's Answer to Amended Complaint | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.85 | GM's Rule 26 Expert Witness Disclosure | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.86 | Rule 26 Disclosures on Behalf of Plaintiffs | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.87 | Plaintiffs' Responses to First Set of Interrogatories and Requests for Production from GM | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.88 | Plaintiffs' Responses to Autoliv's First Set of Interrogatories | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.89 | Plaintiffs' Responses to Autoliv's First Set of Requests for Production | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.90 | Amended Scheduling Order | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.91 | Plaintiffs' Expert Disclosures | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 107.2.92 | Second Amended Scheduling Order | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 108 | Deposition of William Hohnstadt taken October 23, 2018, not | YES. | Relevance, Fed. R. Evid. 402, 403; |

| | | | |
|---|---|---|---|
| | otherwise objected to by Plaintiffs | | Hearsay, Fed. R. Evid. 802; Cumulative. |
| 109 | Exhibits to the deposition of William Hohnstadt taken October 23, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 109.1 | Amended Notice of Intention to Take Deposition of William Hohnstadt | YES. | Relevance, Fed. R. Evid. 402. |
| 109.2 | CV – William Hohnstadt | NO. | |
| 109.3 | Testimony Summary | YES. | Relevance, Fed. R. Evid. 402. |
| 109.4 | Material Reviewed but not produced and material reviewed | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 109.5 | Case Materials to Deposition of William Hohnstadt taken October 23, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 109.5.1 | Background – Police Report | NO objection to the diagram. YES to the remaining portions of the report. | Hearsay, Fed. R. Evid. 802. |
| 109.5.2 | Case Background EDR | NO. | |
| 109.5.3 | GM Reports Manuals – Owner's Manual | YES. | Lack of completeness; does not contain the full owner's manual for the subject vehicle. |
| 109.5.4 | GM Reports Manuals – Service Manual | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 109.5.5 | GM Reports Manuals – Hohnstadt Report | NO. | |
| 109.5.6 | GM Reports Manuals – Sadrnia | NO. | |

| | Report | | |
|---|---|---|---|
| 109.5.7 | GM Requirement – Targets – CTS Common Arch | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.8 | GM Requirement – Targets – CTS Global A | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.9 | GM Requirement – Targets – FMVSS-208 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.10 | PSS Peer Reviews PAC III – PAC OOP | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.11 | PSS Peer Reviews PAC III – PS70 2008 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.12 | PSS Peer Reviews PAC III – PS70 2010 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.13 | PSS Peer Reviews PAC III – RSEC | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.14 | Test Reports – DOP Terms | YES. | Relevance, Fed. R. Evid. 402. |
| 109.5.15 | Test Reports – IEE Cal Report 2008 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.16 | Test Reports – PS01 2011 | YES. | Relevance, Fed. R. Evid. 402; Unfair |

| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 109.5.17 | Test Reports – PS01-A 2010 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.18 | Test Reports – PS01-B 2010 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.19 | Test Reports – PS02 2008 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.20 | Test Reports – PS02 2010 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.21 | Test Reports – PS03 2008 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.22 | Test Reports – PS03 2010 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.23 | Test Reports – PS04 2008 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.24 | Test Reports – PS04 2010 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 109.5.25 | Test Reports – PS05 2008 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. |

| | | | Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 110 | Deposition of Hamed Sadrnia taken October 23, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 111 | Exhibits to the deposition of Hamed Sadrnia taken October 23, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 111.1 | CV – Hamed Sadrnia | NO. | |
| 111.2 | GM Static Automatic Suppression Component Tech Spec GMX384, GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.3 | Part Submission Warrant 12/18/09 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.4 | Memorandum re 2008 GMX386 IEE Passenger Sensing | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.5 | 2008 GMX386 Chevrolet Malibu Passenger Sensing System IEE OC System | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.6 | GM386-2008 Chevrolet Malibu Safety Final Performance Report, W. Shull 6/28/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.7 | 2008 GMX386 Chevrolet Malibu Final Report to the PAC 6/14/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.8 | 2008 GMX386 Final PAC | YES. | Relevance, Fed. R. |

| | | | |
|---|---|---|---|
| | Report Supplement 4/16/08 | | Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.9 | 2010 GMX386 Chevrolet Malibu Passenger Sensing System IEE AOS Final Performance Review 3/11/09 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.10 | 2011 GMX386 Final PAC Report Supplement 7/2/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.11 | 2011 GMX386 Final PAC Report Supplement 7/29/11 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.12 | 2011 GMX386 Final PAC Report Supplement 7/16/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.13 | Passenger Front Airbag Non-Deployment 2008-2010 Saturn Aura | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.14 | Asymmetric Frontal Airbag Deployment 2008-2012 Malibu | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 111.15 | Passenger Front Airbag Non-Deployment (No DTCs) 2008-2012 Malibu | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 112 | Deposition of Kathryn F. Anderson taken October 24, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 113 | Exhibits to the deposition of Kathryn F. Anderson taken October 24, 2018, not otherwise | YES. | See specific objections as described below, |

| | | | |
|---|---|---|---|
| | objected to by Plaintiffs – Notebook 1 and Notebook 2 | | incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 113.1 | Notebook 1 – Table of Contents | YES. | Relevance, Fed. R. Evid. 402. |
| 113.1.1 | Expert Report of Kathryn F. Anderson | NO. | |
| 113.1.2 | CV – Kathryn F. Anderson | NO. | |
| 113.1.3 | CDR Report of SDM Data Download from Subject Vehicle | YES. | Cumulative. |
| 113.1.4 | Calculations, Tables, and Graphs | YES. | Relevance, Fed. R. Evid. 402. |
| 113.1.5 | 2008 GMX386 Chevrolet Malibu Final Report to the PAC dated 2/6/08 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.6 | 2008 GMX386 Final PAC Report Supplement dated 4/16/08 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.7 | 2010 GMX386 Final PAC Report Supplement dated 3/20/09 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.8 | 2011 GMX386 Final PAC Report Supplement dated 7/2/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.9 | 2011 GMX386 Final PAC Report Supplement dated 7/16/11 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.10 | 2011 GMX386 Final PAC Report Supplement dated 7/29/11 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.11 | Occupant Performance Evaluation Considerations Book, | YES. | Relevance, Fed. R. Evid. 402; Unfair |

| | Version 4.0 revised 12/7/00 | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 113.1.12 | Occupant Performance Evaluation Considerations Book, Version 4.2 revised 11/21/05 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.1.13 | Occupant Performance Evaluation Considerations Book, Version 5.0 revised 10/1/09 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2 | Notebook 2 - Table of Contents | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 113.2.14.A | 2008-2012 GMX386 Frontal Impact Testing Crash List & Sled List with a Front Occupant | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.14.B | 2008-2012 GMX386 Frontal Impact Testing Crash List & Sled List with a Front Occupant | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.15 | 2011 GMX386 Sedan Chevrolet Malibu Frontal Sensing Performance Review dated 3-22-10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.16 | 2010 GMX386 Chevrolet Malibu Passenger Sensing System IEE AOS Final Performance Review dated 3-11-09 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.17.A | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.17.B | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |

| 113.2.17.C | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 113.2.17.D | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.17.E | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.17.F | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.17.G | FMVSS 208 Compliance Summary and Report for the 2012 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.18 | FMVSS 208 Standard 10-1-10 Edition | NO. | |
| 113.2.19.A | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 6/29/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.B | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 1/26/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.C | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 10/8/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.D | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 5/17/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, |

| | | | Fed. R. Evid. 802. |
|---|---|---|---|
| 113.2.19.E | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 10/15/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.F | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 5/15/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.G | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 1/26/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.H | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 10/18/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.I | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 7/29/05 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.J | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 11/27/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.K | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 6/25/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.L | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 12/17/7 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.19.M | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 4/24/04 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, |

| | | | Fed. R. Evid. 802. |
|---|---|---|---|
| 113.2.19.N | FMVSS 208 Method of Compliance Summary for 2008-2012 GMX386 and Air Bag Warning Sunvisor Label 2/26/10 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.20.A | NHTSA NCAP New Car Assessment Program Summary | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.20.B | NHTSA NCAP New Car Assessment Program Summary | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.20.C | NHTSA NCAP New Car Assessment Program Summary | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 113.2.20.D | NHTSA NCAP New Car Assessment Program Summary | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 114 | Videotaped Deposition of Christopher Ricard taken August 2. 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 115 | Exhibits to the videotaped deposition of Christopher Ricard taken August 2, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 115.1 | GM Global Statement of Requirements for GMX384, GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.2 | Appendix A – RASIC Charts Automatic Occupant Sensing System May 2005 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. |

| | | | |
|---|---|---|---|
| | | | Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.3 | GM North America Static Suppression Component Tech Specs | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.4 | Appendix C – Static Automatic Suppression with CM20324 CTS | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.5 | IEE Customer Report Performance & Robustness on v8x Algorithm | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.6 | IEE Technical Report OC Project 10950 GMX386-Calibration Report | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.7 | IEE Signature Page re GMX386, MY2011 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.8 | GM Commodity Validation Sign-Off re Sensor Assembly Inflatable Restraint | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 115.9 | Photograph of console | YES. | Cumulative. |
| 116 | Videotaped Deposition of William P. Munsell taken August 7, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 117 | Exhibits to the videotaped deposition of William P. Munsell taken August 7, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 117.1 | Notice of Intention to Take | YES. | Relevance, Fed. R. |

| | | | |
|---|---|---|---|
| | Videotaped Deposition of William P. Munsell | | Evid. 402. |
| 117.2 | CV - William P. Munsell | NO. | |
| 117.3 | Billings | YES. | Cumulative. |
| 117.4 | Plaintiffs' Expert Disclosures | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 117.5 | Handwritten notes re pre-crash data | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 117.6 | Handwritten diagram | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 117.7 | Photograph of subject vehicle at accident scene | NO objection to photographs previously and timely produced. YES to the drawings on the photo. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 117.8 | Photograph of subject vehicle against tree at accident scene | NO objection to photographs previously and timely produced. | |
| 117.9 | Bosch CDR Download | YES. | Cumulative. |
| 117.10 | 3D Image | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403 |
| 117.11 | Expert Report by William P. Munsell 6-20-18 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 117.12 | 3D diagram of Spencer Jones Road | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 117.13 | BEV Comparison NCAP 2011 Malibu | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |

58

| 117.14 | Velocity | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403 |
| 117.15 | Recall Notice from Hudiburg Chevrolet to Richard Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Cumulative. |
| 117.16 | Depo Annotations | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 117.17 | Expert Report of Jon Bready with handwritten notes | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Fed. R. Evid. 703. |
| 117.18 | Photograph of thumb drive | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403. |
| 118 | Videotaped Deposition of Neil Hannemann taken August 8, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 119 | Exhibits to the videotaped deposition of Neil Hannemann taken August 8, 2018, not otherwise objected to by Plaintiffs | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 119.1 | Notice of Intention to Take Video Deposition | YES. | Relevance, Fed. R. Evid. 402. |
| 119.2 | Plaintiffs' Expert Disclosures | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Cumulative. |
| 119.3 | CV - Neil Hannemann | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; incorporate by |

| | | | |
|---|---|---|---|
| | | | reference the objections contained in Autoliv Motion to Exclude Expert Testimony of Hannemann [Doc. 86] and GM's Motion to Exclude the Expert Testimony of Hannemann [Doc. 88]; cumulative. |
| 119.4 | Fee Schedule | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 119.5 | Testimony List | YES. | Relevance, Fed. R. Evid. 402; Cumulative. |
| 119.6 | Expert Report by Neil Hannemann 6/20/18 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid 403; Hearsay, Fed. R. Evid. 802; Opinions based on insufficient facts and not reliable, Fed. R. Evid. 702; Opinions not based on facts, Fed. R. Evid. 703; Cumulative; incorporate by reference the objections contained in Autoliv Motion to Exclude Expert Testimony of Hannemann [Doc. 86] and GM's Motion to Exclude the Expert Testimony of Hannemann [Doc. 88]. |
| 119.7 | GM Global Statement of Requirements for GMX384, GMX386 May 3, 2005 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |

| 119.8 | GM Static Automatic Suppression Component Technical Specification GMX384, GMX 386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 119.9 | Front Seat Belt System Changed for GMX386 for 2011MY | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 119.10 | GM Engineering Analysis re Acceleration | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 119. 111 [sic] | Reconstruction Analysis | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 119.12 | Observations from Review of GMVSS 208 Compliance | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 119.13 | Pages from Van Arsdell Expert Report 7/11/18 | YES. | Lack of completeness; does not contain Van Arsdell's complete expert report. |
| 119.14 | GM Engineering Analysis re 5th Percentile | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 119.15 | Pages from Expert Report of Elizabeth Raphael re Surrogate Study 7/20/18 | YES. | Lack of completeness; does not contain Elizabeth Raphael's complete expert report. |
| 119.16 | IEE Reliability Study GMX386 Rev. Date 6/7/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 119.17 | GM Automatic Occupant Sensing (AOS) System, | YES. | Relevance, Fed. R. Evid. 402; Unfair |

| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 119.18 | IEE Technical Report OC Project 10950 GMX386 Calibration Report | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 120 | Videotaped Deposition of Raymond Cerbolles taken August 2, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 121 | Exhibits to the videotaped deposition of Raymond Cerbolles taken August 2, 2018 | YES. | See specific objections as described below, incorporated by reference; Cumulative, Fed. R. Evid. 403. |
| 121.1 | GM Automatic Occupant Sensing System, Appendix A May 2005 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 121.2 | GM Static Automatic Suppression Component Tech Spec GMX384 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 121.3 | IEE Customer Report OC Project 10950 GMX386 Certification Data | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 121.4 | IEE Reliability Study GMX386 6/7/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 121.5 | GM Global Quality Tracking System PPAP Report 9/12/07 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 121.6 | IEE Technical Report OC Project 10960 GMX386 | YES. | Relevance, Fed. R. Evid. 402; Unfair |

| | Calibration Report | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
|---|---|---|---|
| 121.7 | IEE Inter-Office Memo GMX386 Certification NCAP Preliminary Results 1/26/09 | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 121.8 | Photograph of console | YES. | Cumulative |
| 122 | Video Deposition of Elizabeth Raphael taken October 12, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402, 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 123 | Exhibits to the videotaped deposition of Elizabeth Raphael taken October 12, 2018, not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 122 | Recall Postcard from Hudiburg Chevrolet LLC to Richard Faust | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Cumulative. |
| 123 | Sales Brochure 2012 Chevrolet Malibu | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Cumulative. |
| 124 | Any and all documents to be produced by IEE | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 125 | Any and all exhibits listed by Defendants not otherwise objected to by Plaintiffs | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 126 | Other Similar Incident materials to be produced by GM and/or Autoliv | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, |

| | | | Fed. R. Evid. 802; Cumulative.  Plaintiffs have failed to exchange this exhibit in accordance with LCvR 39.4(a). |
|---|---|---|---|
| 127 | All documents identified or produced by any party or witness during discovery, except to the extent that Plaintiff has objected via motion *in limine* or otherwise at trial | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 128 | Deposition exhibits from any deposition taken in this case, except to the extent that Plaintiff has objected via motion *in limine* or otherwise at trial | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 129 | Articles and/or treatises relied on by any medical witness | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 130 | Reserved for Demonstrative Exhibits, including Models, Anatomical Charts, Diagrams, Photographs, and Drawings | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 131 | Such additional exhibits as needed for foundation, impeachment and/or rebuttal | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
| 132 | Documents and Materials produced by any party or non-party in discovery in this matter | YES. | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. |

| | not produced prior to the listing of exhibits in this matter | | Evid. 403; Hearsay, Fed. R. Evid. 802; Cumulative. |
|---|---|---|---|

B.    Defendants:

|  |  |  | Federal Rule of |
| Number | Title/Description | Objection | Evidence Relied Upon |

(Premarked for trial and exchanged as required under LCvR 39.4(a))

**Defendant Autoliv ASP, Inc.:**

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Portions of Official Oklahoma Traffic Collision Report, March 17, 2014, diagram only | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 2. | Oklahoma City Police Department photographs, 1-71 | No objection | |
| 3. | Oklahoma City Fire Dept. photographs, 1-4 | No objection | |
| 4. | Portions of 2012 Chevrolet Malibu Owner's Manual | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 5. | Copies of the messages and warnings inside the 2012 Chevrolet Malibu | YES | Relevance, Fed. R. Evid. 402; Unfair |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 6. | Exemplar front passenger's seat belt assemblies | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 7. | Oklahoma City Police Department Bosch Crash Data Retrieval Report for the subject vehicle, imaging date of March 18, 2014 | NO | |
| 8. | Autoliv Part Drawing 6194217 007, Bates Autoliv 000001 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 9. | GM Engineering Standards, General Specifications Safety Belt CTS, GMN11086, Bates Autoliv 000002-79 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 10. | GM General Specification, Specification for the Safety Belt Component, GMW14831, Bates Autoliv 000080-153 | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 11. | GM General Specification Interior, GMW14832, Bates Autoliv 000154-170 | yes | Relevance, Fed. R. Evid. 402; Unfair |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  |  | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 12. | GM Commodity Validation Sign-Off, dated March 15, 2010, Bates 000171-172 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 13. | GM Commodity Validation Sign-Off, dated March 10, 2010, Bates Autoliv 000173 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 14. | PV-Analysis/Development/Validation Plan & Report – GM 1829 – E377597, Bates Autoliv 000174-179 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 15. | Report No. NCAP-CAL-11-011, New Car Assessment Program Frontal Barrier Impact Test, Bates Autoliv 000180-377 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 16. | GMX381-6 2011 NCAP, Bates Autoliv 000378 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 17. | SGS Test Lab Report, dated | YES | Relevance, Fed. |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | March 8, 2010, Bates Autoliv 000379-394 | | R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 18. | Drawing No. 20929146, Bates Autoliv 000395-398 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 19. | PV-Analysis/Development /Validation Plan & Report – GM 1829 – 6196603, Bates Autoliv 000399-471 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 20. | Autoliv Production Specification, Part No. 6217924, Bates Autoliv 000472 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 21. | Drawing – PLP Cover, Bates Autoliv 480 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 22. | Drawing – FOB RH Buckle Assy, Bates Autoliv 481 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802. |
| 23. | Drawing – Anchor plate, Bates Autoliv 482 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 24. | GM Commodity Validation Sign-Off, Bates Autoliv 483 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 25. | Autoliv Document No. E452029, Bates Autoliv 484-489 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 26. | Autoliv Document No. E402821, Bates Autoliv 490-495 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 27. | Subject front passenger's seat belt assembly | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 28. | Subject 2012 Chevrolet Malibu | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 29. | Exemplar 2012 Chevrolet Malibu | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 30. | State Farm Insurance Co. File, including photographs and correspondence | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802., Insurance Fed. R. Evid. 411 |
| 31. | K.F.'s medical billing that reflects medical expenses incurred and medical expenses discounted, adjusted, or written off, including the Oklahoma Health Care Authority lien, not objected to by Autoliv | NO | |
| 32. | Medical Records from EMSA – K.F., Bates EMSA 2-9, not objected to by Autoliv | No | |
| 33. | Medical Records from OU Medical Center – K.F., Bates OU MED CTR 5-697, not objected to by Autoliv | No | |
| 34. | Medical Records from OU Children's Physicians – K.F., Bates OU CHILDREN'S PHY. 1-165, not objected to by Autoliv | NO | |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 35. | Radiology records – K.F., not objected to by Autoliv | No objection | |
| 36. | Medical Examiner Report – K.F. | No objection | |
| 37. | Death Certificate – K.F. | No objection | |
| **EXPERT MATERIALS** | | | |
| **William Van Arsdell** | | | |
| 38. | William Van Arsdell / Engineering Principles CV | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 39. | William Van Arsdell / Engineering Principles Vehicle Inspection Photographs of May 11, 2017 (621 photographs) | No objection | |
| 40. | William Van Arsdell / Engineering Principles expert file | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 40.1 | Scene photographs taken by Smart, 11.31.16 (24 photographs) | NO | |
| 40.2 | Scene Photos (4 color copies) – Faust Plaintiff Production 39-42 | NO | |
| 40.3 | Ashley and Kaitlyn Facebook Photo | NO | |
| 40.4 | Seatbelt Photographs, taken on 8.17.16 (20 color photographs) | NO | |
| 40.5 | Elizabeth Raphael Vehicle Inspection Photographs (610 | NO | |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | photographs) | | |
| 40.6 | Jon Bready Vehicle Inspection Photographs (435 photographs) | NO | |
| 40.7 | Jon Bready Scene Inspection Photographs (242 photographs) | NO | |
| 40.8 | Delta V/Engineering Principles Surrogate Study Photographs, 6.22.18 (66 photographs) | NO | |
| 40.9 | Hamad Sadrnia Vehicle Inspection Photographs, 12.19.17 (224 photographs) | NO | |
| 40.10 | Kathryn Anderson Vehicle Inspection Photographs, 11.16.17 (257 photographs) | NO | |
| 40.11 | Paul Van Rooyen Vehicle Inspection Photographs, 1.5.17 (664 photographs) | NO | |
| 40.12 | Photographs produced by Plaintiff, Faust Plaintiff Production 48-160. | NO | |
| 40.13 | Dr. Ziejewski Photographs, produced at deposition on 9.21.18 | NO | |
| 40.14 | Autoliv Production Bates 1-495 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 40.15 | File Material List | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802. |
| 40.16 | K.F. combined medical records before accident, Bates 855-867 | NO | |
| 40.17 | Fact Summary Sheet | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 40.18 | Radiology, Bates 1697 | NO | |
| 40.19 | ME's Report, 3.26.14 | NO | |
| 40.20 | K.F. EMSA Records | NO | |
| 40.21 | K.F. OU Medical Center Records | NO | |
| 40.22 | K.F. OU Children's Records | NO | |
| 40.23 | CDR Download by OKC PD | NO | |
| 40.24 | K.F. Death Certificate | NO | |
| 40.25 | Three (3) Exemplar seatbelts | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Authenticity Fed. R. Evid. 901 |
| 40.26 | FMVSS 209 Test Results | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 40.27 | NHTSA NCAP Test Database excerpts and data | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802. |
| 40.28 | Inspection notes, 5.11.17 | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 41. | Materials, regulations, standards, and publications relied upon by William Van Arsdell / Engineering Principles | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 41.1 | Publications written or relied upon by Van Arsdell (93 publications) | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 42. | Autoliv adopts and incorporates all exhibits listed by GM relating to expert Jon Bready | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exhibit Fed. R. Evid. 803 (18) |
| 43. | Autoliv adopts and incorporates all exhibits listed by GM relating to expert Elizabeth Raphael | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 44. | FMVSS 208 | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 45. | FMVSS 209 | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 46. | Autoliv adopts and incorporates exhibits listed by GM, not objected to by Autoliv | Yes | See GM list for specific objections, but generally Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 47. | Autoliv adopts and incorporates exhibits listed | YES | Depending on purpose offered, |

| Exhibit No. | Description | OBJECTION | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | by Plaintiff, not objected to by Autoliv | | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 48. | Illustrations prepared by any party's retained experts to depict opinions, conclusions or to illustrate concepts, not objected to by Autoliv | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 49. | Enlargements of any exhibit or portion of any exhibit listed, not objected to by Autoliv | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 50. | Any exhibit necessary for purposes of rebuttal or demonstration, not objected to by Autoliv | YES | Exhibit not identified or produced to permit proper objections |
| 51. | Any exhibit necessary for purposes of cross-examination, impeachment, or rebuttal, not objected to by Autoliv | YES | Exhibit Not identified nor produced to permit proper objections. |
| 52. | Demonstrative exhibits, including, but not limited to, blow-ups, illustrations, photographs, exhibits, and Power Point presentations prepared or used by experts, not objected to by Autoliv | Yes | Exhibit Not identified nor produced to permit proper objections. |

**<u>Defendant GM LLC</u>**

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| 1. | Subject 2012 Chevrolet Malibu | No objection | |
| 2. | Exemplar 2012 Chevrolet Malibu - BUC | YES | Authentication; Fed. R. Evid. 901 Plaintiffs have not been provided access to the BUC and therefore cannot verify whether or not said BUC is of the same make, model, and equipment as the subject vehicle |
| 3. | Component parts of subject 2012 Chevrolet Malibu | No objection | |
| 4. | Exemplar component parts of 2012 Chevrolet Malibu | YES | Authentication; Fed. R. Evid. 901 Plaintiffs have not been provided access to the BUC and therefore cannot verify whether or not said BUC is of the same make, model, and equipment as the subject vehicle |
| 5. | State of Oklahoma Official Traffic Collision Report | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; |
| 6. | Diagram from the State of Oklahoma Official Traffic Collision Report | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 7. | State of Oklahoma Official Traffic Collision Report – Follow Up Report | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 8. | Oklahoma City Police Department Photographs of subject accident (.1-.71) | No objection | |
| 9. | Any and all records of law enforcement personnel | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; also exhibit not produced. |
| 10. | Oklahoma City Fire Dept NFIRS | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 11. | EMS Incident Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; |
| 12. | Incident Detail Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 13. | Report of Investigation by Medical Examiner | No objection | |
| 14. | Bosch CDR Report dated 3-18-14 | No | |
| 15. | Bosch CDR Report dated 1-25-18 – ACM ETR | NO | |
| 16. | Bosch CDR Report dated 1-25-18 – ACM | NO | |
| 17. | State Farm Insurance documents | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Liability insurance Fed. R. Evid. 411 |
| 18. | Carfax Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 19. | Hudiburg Chevrolet Purchase Agreement | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; |
| 20. | Hudiburg Chevrolet Certification Records | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 21. | Hudiburg Chevrolet Service Records | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 22. | Title records for the subject 2012 Chevrolet Malibu | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 23. | Photographs of subject vehicle seatbelts by Jennings | NO | |
| 24. | Photographs of subject vehicle taken 11-13-17 (ESIS) | NO | |
| 25. | Photographs of subject vehicle taken 1-25-18 (ESIS)) | NO | |
| 26. | Photographs of accident scene taken 11-7-17 (ESIS) | NO | |
| 27. | Photographs of subject vehicle by Van Arsdell | NO | |
| 28. | EMS Records – K.F. | NO | |
| 29. | OU Medical Center Records – K.F. | NO | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| 30. | OU Pediatric Clinic Records – K.F. | NO | |
| 31. | Radiology images – K.F. | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Exhibit not produced |
| 32. | Eagle Med Records – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 33. | OU Medical Center Records – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 34. | Midwest Regional Medical Center Records – Ashley Faust | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 35. | Dean McGee Medical Records – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 36. | Radiology images – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Exhibit not produced |
| 37. | Deposition of Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 38. | Exhibit 1 to deposition of Ashley Faust - photograph | No objection | |
| 39. | Deposition of Richard Faust | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 40. | Exhibit 1 to deposition of Richard Faust – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 41. | Exhibit 2 to deposition of Richard Faust – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 42. | Exhibit 3 to deposition of Richard Faust – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 43. | Exhibit 4 to deposition of Richard Faust – Official Oklahoma Traffic Collision Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | 403; Hearsay, Fed. R. Evid. 802.; |
| 44. | Exhibit 5 to deposition of Richard Faust – letter | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Liability Insurance Fed. R. Evid. 411 |
| 45. | Exhibit 6 to deposition of Richard Faust – letter | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Liability Insurance Fed. R. Evid. 411 |
| 46. | Deposition of Jill Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
|  |  |  | Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 47. | Deposition of Justin Frederick | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 48. | Exhibit 1 to deposition of Justin Frederick – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 49. | Exhibit 2 to deposition of Justin Frederick – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 50. | Deposition of William Dale Scruggs | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 51. | Exhibit 1 to deposition of William Dale Scruggs - Official Oklahoma Traffic Collision Report | Yes | |
| 52. | Exhibit 2 to deposition of William Dale Scruggs – photographs | yes | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Liability Insurance Fed. R. Evid. 411 |
| 53. | Exhibit 3 to deposition of William Dale Scruggs – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 54. | Exhibit 4 to deposition of William Dale Scruggs – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 55. | Exhibit 5 to deposition of William Dale Scruggs – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 56. | Exhibit 6 to deposition of William Dale Scruggs – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 57. | Exhibit 7 to deposition of William Dale Scruggs – photographs | yes | Cummulative, Fed. R. Evid. 403; |
| 58. | Exhibit 8 to deposition of William Dale Scruggs – photographs | yes | Cummulative, Fed. R. Evid. 403; |
| 59. | Deposition of Trevor Kelley | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 60. | Exhibit 1 to deposition of Trevor Kelley – EMS Incident Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 61. | Exhibit 2 to deposition of Trevor Kelley – NFIRS – 1 Basic | YEs | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 62. | Deposition of Eric Stark | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 63. | Exhibit 1 to deposition of Eric Stark – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 64. | Exhibit 2 to deposition of Eric Stark – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 65. | Exhibit 3 to deposition of Eric Stark – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 66. | Deposition of Samuel Lewis | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 67. | Exhibit 1 to deposition of Samuel Lewis – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 68. | Exhibit 2 to deposition of Samuel Lewis – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 69. | Exhibit 3 to deposition of Samuel Lewis – Incident Report | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 70. | Exhibit 4 to deposition of Samuel Lewis – Incident Detail Report | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 71. | Exhibit 5 to deposition of Samuel Lewis – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 72. | Exhibit 6 to deposition of Samuel Lewis – photograph | Yes | Cummulative, Fed. R. Evid. 403; |
| 73. | Exhibit 7 to deposition of Samuel Lewis – photograph | yes | Cummulative, Fed. R. Evid. 403; |
| 74. | Deposition of Joe Smith | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 75. | Exhibit 1 to deposition of Joe Smith – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 76. | Exhibit 3 to deposition of Joe | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Smith – Incident Report | | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 77. | Exhibit 6 to deposition of Joe Smith – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 78. | Exhibit 7 to deposition of Joe Smith – photograph | YES | Cummulative, Fed. R. Evid. 403; |
| 79. | Exhibit 8 to deposition of Joe Smith – photograph | YES | Cumulative, Fed. R. Evid. 403; |
| 80. | Exhibit 9 to deposition of Joe Smith – photograph | YES | Cumulative, Fed. R. Evid. 403; |
| 81. | Exhibit 10 to deposition of Joe Smith – EMS Incident Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 82. | Deposition of Scotty Spence | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 83. | Exhibit 1 to deposition of Scotty Spence – photograph | YES | Cumulative, Fed. R. Evid. 403; |
| 84. | Exhibit 11 to deposition of Scotty Spence – photograph | YES | Cumulative, Fed. R. Evid. 403; |
| 85. | Deposition of Dennis Paige | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  |  | Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 86. | Exhibit 1 to deposition of Dennis Paige – photograph | yes | Cumulative, Fed. R. Evid. 403; |
| 87. | Exhibit 3 to deposition of Dennis Paige – Incident Report | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 88. | Exhibit 12 to deposition of Dennis Paige – photograph | yes | Cumulative, Fed. R. Evid. 403; |
| 89. | Exhibit 13 to deposition of Dennis Paige – photograph | yes | Cumulative, Fed. R. Evid. 403; |
| 90. | Deposition of Tori Spencer | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Availability of the witness to testify live, Fed R. Evid. 804 Testimony has not yet been |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 91. | Exhibit 1 to deposition of Tori Spencer – Patient Care Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 92. | Deposition of David Prentkowski | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 93. | Exhibit 1 to deposition of David Prentkowski – CV | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 94. | Exhibit 2 to deposition of David Prentkowski – Depo Notice | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 95. | Exhibit 3 to deposition of David Prentkowski – PAC Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 96. | Exhibit 4 to deposition of David Prentkowski – drawing | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Fed. R. Evid. 802.; |
| 97. | Exhibit 5 to deposition of David Prentkowski – 2011 GMX386 Final PAC Performance Assessment Committee Report Supplement | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 98. | Exhibit 6 to deposition of David Prentkowski –crash testing document | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 99. | Exhibit 7 to deposition of David Prentkowski – NCAP frontal barrier impact test | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 100. | Exhibit 8 to deposition of David Prentkowski – PV – Analysis/Development/Validation Plan & Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 101. | Deposition of Elizabeth Kiihr | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
|     |             |           | Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 102. | Exhibit 1 to deposition of Elizabeth Kiihr – CV | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 103. | Exhibit 2 to deposition of Elizabeth Kiihr – Deposition Notice | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 104. | Exhibit 3 to deposition of | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | Elizabeth Kiihr – Component Technical Specification |  | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 105. | Exhibit 4 to deposition of Elizabeth Kiihr – Handwritten Note | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 106. | Exhibit 5 to deposition of Elizabeth Kiihr – Report No 08-X386-PS02 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 107. | Exhibit 6 to deposition of Elizabeth Kiihr – 2008 GM386 Chevrolet Malibu Passenger Sensing System IEE OC System document | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 108. | Exhibit 7 to deposition of Elizabeth Kiihr – Customer Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 109. | Exhibit 8 to deposition of Elizabeth Kiihr – PAC Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 110. | Exhibit 9 to deposition of Elizabeth Kiihr – Final Performance Review | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 111. | Exhibit 10 to deposition of Elizabeth Kiihr – 2012 Malibu Owner's Manual | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 112. | Curriculum Vitae of William Munsell | NO | |
| 113. | Testimony List of William Munsell | NO | |
| 114. | Billing Records of William Munsell | NO | |
| 115. | Report of William Munsell | YES | Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 116. | Photographs of accident scene taken by William Munsell | NO | |
| 117. | Photographs of subject vehicle taken by William Munsell | NO | |
| 118. | File materials of William Munsell | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 119. | Exhibits to deposition of William Munsell | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 120. | Curriculum Vitae of Neil Hannemann | NO | |
| 121. | Testimony List of Neil Hannemann | NO | |
| 122. | Billing Records of Neil Hannemann | NO | |
| 123. | Report of Neil Hannemann | YES | Hearsay, Fed. R. Evid. 802.; |
| 124. | Photographs of subject vehicle taken by Neil Hannemann | NO | |
| 125. | File materials of Neil Hannemann | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 126. | Exhibits to deposition of Neil Hannemann | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 127. | Curriculum Vitae of Mariusz Ziejewski | No objection | |
| 128. | Testimony List of Mariusz Ziejewski | No objection | |
| 129. | Billing Records of Mariusz Ziejewski | No objection | |
| 130. | Report of Mariusz Ziejewski | YES | Hearsay, Fed. R. Evid. 802.; |
| 131. | Photographs of subject vehicle taken by Mariusz Ziejewski | NO | |
| 132. | File materials of Mariusz Ziejewski | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 133. | Exhibits to deposition of Mariusz Ziejewski | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 134. | Curriculum Vitae of Jon Bready | YES | Hearsay, Fed. R. Evid. 802.; |
| 135. | Testimony List of Jon Bready | Yes | Hearsay, Fed. R. Evid. 802.; |
| 136. | Vehicle Inspection Photographs taken September 6, 2017 | NO | |
| 137. | Measurements from inspection of subject vehicle | YES | Hearsay, Fed. R. Evid. 802.; Exhibit Not produced |
| 138. | Notes from inspection of subject vehicle | YES | Hearsay, Fed. R. Evid. 802.; Exhibit Not produced |
| 139. | Site Inspection Photographs taken September 6, 2017 | NO | |
| 140. | Measurements from inspection of accident site | YES | Hearsay, Fed. R. Evid. 802.; Exhibit Not produced |
| 141. | Notes from inspection of accident site | YES | Hearsay, Fed. R. Evid. 802.; Exhibit Not produced |
| 142. | Report of Jon Bready | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 143. | Photographs taken by | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
|  | OKCPD with annotations |  | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Exhibit Not produced |
| 144. | Diagram from OKCPD with annotations | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Exhibit Not produced |
| 145. | CSE scaled diagram of the site (CSE drawing over aerial image) – marked Figure 11 to Bready report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 146. | Computer model of the roadside terrain and trees from high definition scans by CSE – marked Figure 12 to Bready report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 147. | Subject Malibu 3D model from high definition scans by CSE – marked Figure 13 to | NO | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Bready report | | |
| 148. | Subject Malibu deformation measurements – marked Figure 14 to Bready report | NO | |
| 149. | Excerpts of Bosch CDR report – Pre Crash Data – marked Figure 15 to Bready report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 150. | Excerpts of Bosch CDR report – CDR crash pulse data (longitudinal axis) – marked Figure 16 to Bready report | NO | |
| 151. | Vehicle time and distance from collision based on CDR Pre Crash Data – marked Figure 17 to Bready report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 152. | Collision configuration – marked Figure 18 to Bready report | NO | |
| 153. | Photographs of the crash site by CSE - roadway | NO | |
| 154. | Photographs of the crash site by CSE - as-found roadside trees and terrain | NO | |
| 155. | Photographs of the crash site by CSE - after clearing branches/vines | NO | |
| 156. | Photographs of the crash site | NO | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | by CSE - trees on north side of the road |  |  |
| 157. | Photographs of the crash site by CSE - impacted tree | NO |  |
| 158. | Photographs of the crash site by CSE - vehicle debris | NO |  |
| 159. | Photographs illustrating the camera reverse-projection method | NO |  |
| 160. | Photographs of the crash site by CSE - photogrammetry measurements of tire tracks | NO |  |
| 161. | Scaled diagrams of the crash site - overall | NO |  |
| 162. | Scaled diagrams of the crash site - physical evidence | NO |  |
| 163. | Scaled diagrams of the crash site - terrain | NO |  |
| 164. | Computer model of crash site from high-definition scans | NO |  |
| 165. | Aerial images of the crash site | NO |  |
| 166. | Photograph of Leica Total Station | NO |  |
| 167. | Photograph of FARO scanner | NO |  |
| 168. | Photographs of the subject Malibu by CSE - overall condition | NO |  |
| 169. | Photographs of the subject Malibu by CSE - overhead | NO |  |
| 170. | Photographs of the subject Malibu by CSE - direct contact marks with tree | NO |  |
| 171. | Photographs of the subject Malibu by CSE - underside | NO |  |
| 172. | Photographs of the subject Malibu by CSE - interior | NO |  |
| 173. | Photographs of the subject | NO |  |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | Malibu by CSE - cargo |  |  |
| 174. | Computer model of subject Malibu from high-definition scans | NO |  |
| 175. | Photographs of exemplar Malibu by CSE - overall condition | NO |  |
| 176. | Photographs of exemplar Malibu by CSE - interior | NO |  |
| 177. | Photographs of exemplar Malibu by CSE - underside | NO |  |
| 178. | Computer model of exemplar Malibu from high-definition scans | NO |  |
| 179. | Scaled diagrams of subject Malibu compared with exemplar Malibu | NO |  |
| 180. | Scaled diagrams of collision deformation profile and measurements | NO |  |
| 181. | Computer model of subject Malibu compared with exemplar Malibu | NO |  |
| 182. | Bosch CDR report - pre-crash data with annotations | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 183. | Adjustments to Bosch CDR report pre-crash data for impact speed | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Fed. R. Evid. 802.; |
| 184. | Bosch CDR report - crash pulse data with annotations | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 185. | Calculations of collision parameters from Bosch CDR report crash pulse data | YES | Hearsay, Fed. R. Evid. 802.; |
| 186. | Scaled diagrams of point of impact configuration | NO | |
| 187. | Scaled diagrams of deepest penetration at impact | NO | |
| 188. | Scaled diagrams of collision forces (PDOF) | YES | Hearsay, Fed. R. Evid. 802.; |
| 189. | Scaled diagrams of pre-collision vehicle kinematics | YES | Hearsay, Fed. R. Evid. 802.; |
| 190. | NASS CDS accident statistical data for frontal collision severity | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Lack of qualification or helpfulness to the jury Fed R. Evid. 702 |
| 191. | Scaled diagrams of vehicle time-distance positions based on CDR Report data | NO | |
| 192. | Scaled diagrams of pre- | NO | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| | collision driver response based on CDR Report data | | |
| 193. | Scaled diagrams of occupant kinematics | YES | Hearsay, Fed. R. Evid. 802.; |
| 194. | SAE 2002-01-0536 – Methods of Occupant Kinematics Analysis in Automobile Crashes | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 195. | SAE 890737 – A Case Comparison of Single Image Photogrammetry Methods | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 196. | SAE 910118 – Determination of Vehicle Crush from Two Photographs and the Use of 3D Displacement Vectors in Accident Reconstruction | yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 197. | SAE 940925 – Photogrammetry and Accident Reconstruction: | yes | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Experimental Results | | Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 198. | SAE 2010-01-0139 – Accident Statistical Distributions from NASS CDS | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 199. | National Health Statistics Reports dated October 22, 2008 – Anthropometric Reference Data for Children and Adults, United States 2003-2006 | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 200. | Summary of 56 Recent Critical Speed Yaw Analysis Tests Including ABS and Electronic Stability Control on Pavement, Gravel and Grass – May/June 2008 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | 803(18) |
| 201. | Recording Automotive Crash Event Data – May 3-5, 1999 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 202. | CSE Test Plot – Blue Grass Skid Test – Emerald Turf Farm | YES | Hearsay, Fed. R. Evid. 802.; |
| 203. | Frictional Characteristics of Roadside Grass Types | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise Fed. R. Evid. 803(18) |
| 204. | 3D Models | NO | |
| 205. | 2012 Chevrolet Malibu Canadian Vehicle Specifications | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 206. | 2012 List of Make/Model Vehicles | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 207. | EDR Analysis – 2012 Chevrolet Malibu | YES | Hearsay, Fed. R. Evid. 802.; |
| 208. | Vehicle Weights & Dimensions | YES | Hearsay, Fed. R. Evid. 802.; |
| 209. | Deposition exhibits of Jon Bready | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 210. | File Materials of Jon Bready | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 211. | Demonstrative Exhibits of Jon Bready | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; undisclosed |
| 212. | Curriculum Vitae of Hamed Sadrnia | YES | Hearsay, Fed. R. Evid. 802.; |
| 213. | Testimony List of Hamed | Yes | Hearsay, Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Sadrnia | | Evid. 802.; |
| 214. | Vehicle Inspection Photographs taken December 19, 2017 | No | |
| 215. | Report of Hamed Sadrnia | Relevance; hearsay; prejudice | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 216. | Police Report Crash Scene Diagram – marked Figure 1 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 217. | Subject Vehicle SIR System Layout – marked Figure 2 to Sadrnia report | No | |
| 218. | Subject Vehicle IEE OC Components – marked Figure 3 to Sadrnia report | No | |
| 219. | IEE OC Detection Method and Communication to SDM – marked Figure 4 to Sadrnia report | YES | Hearsay, Fed. R. Evid. 802.; |
| 220. | IEE OC Pattern Recognition – marked Figure 5 to Sadrnia report | No | |
| 221. | Subject Vehicle PSS Status Display Location – marked Figure 6 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  |  | cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 222. | IEE OC History Buffer Lock Setting – marked Figure 7 to Sadrnia report | YES | Hearsay, Fed. R. Evid. 802.; |
| 223. | Seatbelt and Suppression Status at Deployment Event – marked Figure 8 to Sadrnia report | YES | Hearsay, Fed. R. Evid. 802.; |
| 224. | Status of Frontal Air Bags and Time to Deploy – marked Figure 9 to Sadrnia report | YES | Hearsay, Fed. R. Evid. 802.; |
| 225. | Delta V (longitudinal and lateral) vs Time – marked Figure 10 to Sadrnia report | YES | Hearsay, Fed. R. Evid. 802.; |
| 226. | Vehicle Pre Crash Data – marked Figure 11 to Sadrnia report | YES | Hearsay, Fed. R. Evid. 802.; |
| 227. | Side by Side – subject vehicle overall damage profile – marked Figure 12 to Sadrnia report | NO |  |
| 228. | Photographs – subject vehicle interior inspection – Figure 13 to Sadrnia report | NO |  |
| 229. | PSS status Display at start of Ignition Cycle – marked Figure 14 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 230. | PSS status Display when RF | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | airbag is suppressed – marked Figure 15 to Sadrnia report | | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 231. | Subject vehicle Sensing System Configuration – marked Figure 16 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 232. | PSS Performance of Rationale – marked Figure 17 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 233. | 2012 NASS – CDS Data Frontal Crashes without Rollover – marked Figure 18 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 234. | 2003 – 2012 NASS – CDS Data Frequency of Frontal Crashes without Rollover – marked Figure 19 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| | | | Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 235. | Subject vehicle owner's manual and sun visor language on child safety – marked Figure 20 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 236. | CDC Child Passenger Safety Recommendation – marked Figure 21 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 237. | NHTSA recommendation – marked Figure 22 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 238. | Owner's Manual Warning Language – marked Figure 23 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 239. | Owner's Manual Language – marked Figure 24 to Sadrnia report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 240. | SDM-Eps Functional Requirement Specification produced by Siemens AVO (Continental) – see Faust 000013061 – 000013219 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 241. | Software Requirements Specification for SDM08 produced by Siemens AVO (Continental) – see Faust 000013220 - 000013323 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 242. | Product verification plan and report produced by Siemens AVO (Continental) – see Faust 000013360 – 000013539 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| | | | Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 243. | SDM Analysis Development and Validation Plan produced by Siemens AVO (Continental)  -  see Faust 000013360 – 000013539 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 244. | SDM Epsilon Global Quality Tracking System PPAP Report – see Faust 000013540 - 000013546 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 245. | Subject vehicle Restraint Sensing System Calibration/Configuration Release | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 246. | Static Automatic Suppression System CTS – CM 20331 and C20324 – see Faust 000017638 – 000017692 and Faust 000016308 - 000016355 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 247. | GM Internal Component Technical Specification – CB1652 – see Faust 000017693 - 000017733 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 248. | Test Procedure GMW15039-FMVSS 208 Front Passenger Air Bag Suppression – Static, Environmental, Dynamic Drive and Clinic – see Faust 000015434 - 000015505 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 249. | Performance Assessment Committee Reports applicable to the subject | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| | 2012 Chevrolet Malibu – see Faust 000004627 – 000004825, Faust 000015506 – 000015517and Faust 000004826 - 000004846 | | Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 250. | Frontal Sensing Performance Reports applicable to the subject 2012 Chevrolet Malibu – see Faust 000006876 – 000006904, 000017750 - 000017780 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 251. | Passenger Sensing System Final Performance Peer Review applicable to the subject 2012 Chevrolet Malibu – see Faust 000006905 – 000006949, Faust 000006950 – 000006999, Faust 000005316 – 000005336, 000005390 – 000005407, 000005408 - 000005418, 000005434 – 000005440, Faust 000005337 – 000005349, 000005441 – 000005456, 000005350 – 000005389, 000005419 – 00005433, 000015518-000015558 and Faust 000013879 - 000013882 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 252. | Barrier test reports and video conducted by GM on 2012 Chevrolet Malibu or similar vehicles – see Faust 000007935-000013060 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 253. | Deposition of Hamed Sadrnia dated December 12, 2017 | Yes | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Testimony has not yet been designated pursuant to the Court's Second Amended Scheduling Order and Chamber Procedure, Plaintiffs reserve the right to object to testimony when designated by the Defendant |
| 254. | Exhibit 1 to deposition of Sadrnia – CV | YES | Hearsay, Fed. R. Evid. 802.; |
| 255. | Exhibit 2 to deposition of Sadrnia – Static Automatic | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | Suppression Component Technical Specification |  | Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 256. | Exhibit 3 to deposition of Sadrnia – Part Submission Warrant | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 257. | Exhibit 4 to deposition of Sadrnia – Memorandum | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 258. | Exhibit 5 to deposition of Sadrnia – 2008 GMX386 Chevrolet Malibu Passenger Sensing System IEE OC System | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 259. | Exhibit 6 to deposition of Sadrnia – GMX386 Chevrolet Malibu Safety Final Performance Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | 403; Hearsay, Fed. R. Evid. 802.; |
| 260. | Exhibit 7 to deposition of Sadrnia – 2010 GMX386 Chevrolet Malibu Final Report to the PAC | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 261. | Exhibit 8 to deposition of Sadrnia – 2008 GMX386 Final PAC Report Supplement | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 262. | Exhibit 9 to deposition of Sadrnia – 2010 GMX386 Chevrolet Malibu | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 263. | Exhibit 10 to deposition of Sadrnia – 2011 GMX386 Final PAC Report Supplement | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 264. | Exhibit 11 to deposition of | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | Sadrnia – 2011 GMX386 Final PAC Report Supplement |  | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 265. | Exhibit 12 to deposition of Sadrnia – 2011 GMX386 Final PAC Report Supplement | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 266. | Exhibit 13 to deposition of Sadrnia – Passenger Front Air Bag Non Deployment | NO |  |
| 267. | Exhibit 14 to deposition of Sadrnia – Asymmetric Frontal Air Bag Deployment | NO |  |
| 268. | Exhibit 15 to deposition of Sadrnia – Passenger Front Air Bag Non Deployment (no DTCs) | NO |  |
| 269. | File Materials of Hamed Sadrnia | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 270. | Demonstrative Exhibits of Hamed Sadrnia | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|-------------|-----------|--------------------------------------|
| | | | cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 271. | Curriculum Vitae of Paul Van Rooyen | YES | Hearsay, Fed. R. Evid. 802.; |
| 272. | Testimony List of Paul Van Rooyen | YES | Hearsay, Fed. R. Evid. 802.; |
| 273. | Vehicle Inspection Photographs taken January 5, 2017 | NO | |
| 274. | Report of Paul Van Rooyen | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 275. | Right Front Seat Belt System – marked Figure 1 to Van Rooyen report | YES | Hearsay, Fed. R. Evid. 802.; |
| 276. | Photographs – marked Figure 2 to Van Rooyen report | No objection | |
| 277. | Photographs – marked Figure 3 to Van Rooyen report | No objection | |
| 278. | Photographs – marked Figure 4 to Van Rooyen report | No objection | |
| 279. | Webbing Roadmap – marked Figure 5 to Van Rooyen report | NO | |
| 280. | Webbing Dimensions – marked Figure 6 to Van Rooyen report | YES | Hearsay, Fed. R. Evid. 802.; |
| 281. | Right Front Seat Belt Webbing – marked Figure 7a to Van Rooyen report | NO | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 282. | Right Front Seat Belt Webbing – marked Figure 7b to Van Rooyen report | NO | |
| 283. | Right Front Dynamic Latch Plate Marks – marked Figure 8 to Van Rooyen report | NO | |
| 284. | Right Front Seat Belt Guide Loop – marked Figure 9 to Van Rooyen report | NO | |
| 285. | Right Front Lap Pretensioner – marked Figure 10 to Van Rooyen report | NO | |
| 286. | Right Front Buckle – marked Figure 11 to Van Rooyen report | NO | |
| 287. | Drawings of the front driver seat belt system | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 288. | Layouts of the front passenger seat belt system | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 289. | Safety Goals and | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | Performance Reports – see Faust 000006876 – 000006904, 000017750 - 000017780 |  | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 290. | Performance Assessment Committee (PAC) Reports – see Bates 4627-4846 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 291. | Occupant Performance Evaluation Consideration Book – see Bates 4847-5315 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 292. | Crash and Sled Test list – see Bates 7026-7085 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 293. | Crash and Sled Test reports, photos and videos | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 294. | Compliance Documentation for FMVSS 208 – see Bates 5457-5826 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 295. | Compliance Documentation for FMVSS 209 – see Bates 6004-6091 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | provided in exhibit exchange |
| 296. | Compliance Documentation for FMVSS 210 – see Bates 6206-6232 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 297. | Test Procedures for FMVSS 208 – see Bates 5827-6003 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 298. | Test Procedures for FMVSS 209 – see Bates 6092-625 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 299. | Test Procedures for FMVSS | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | 210 – see Bates 6233-6319 |  | R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 300. | Program Plan Book – see Bates 7786-7934 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 301. | Vehicle Technical Specification – see Bates 16810-17433 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 302. | Evaluation Reports – see Bates 5350-5456 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 303. | Seat Belt Technical Specifications – CTS and SSTS – see Bates 1744-17617 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 304. | Technical Publications | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; not provided in exhibit exchange |
| 305. | "Diagnosis of Seat Belt Usage in Accidents", Society of Automotive Engineers 840396, Charles A. Moffatt, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  |  | exhibit Fed. R. Evid. 803 (18) |
| 306. | "Examination and Analysis of Seat Belt Loading Marks", Journal of Forensic Sciences, Vol. 35, No. 1, Jan. 1990, Zygmunt M. Gorski, et al. | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 307. | 1334th Annual Proceedings, Association for the Advancement of Automotive Medicine, October 1-3, 1990, J. Robert Cromack, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 308. | "Seat Belt Survey: Identification and Assessment of Noncollision Markings", Society of Automotive Engineers 1999-01-0441, Jon E. Bready, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 309. | "Characteristics of Seat Belt Restraint System Markings", Society of Automotive Engineers 2000-01-1317, Jon E. Bready, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 310. | "Automotive Restraint Loading Evidence for Moderate Speed Impacts and a Variety of Restraint Conditions", Society of Automotive Engineers 2006-01-0900, C. B. Tanner, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 311. | "Case Study of Clothing Fabric Transfer to Seat Belt Webbing Under Accident Forces", Society of Automotive Engineers 2006-01-0904, Daniel Davee, et a | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 312. | "Safety Restraint System Physical Evidence and Biomechanical Injury Potential Due to Belt Entanglement", Society of Automotive Engineers 2006-01-1670, Daniel Toomey, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 313. | "Physical Evidence | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Associated with Seatbelt Entanglement During a Collision", Society of Automotive Engineers 2007-01-1501, Elizabeth Raphael, et al | | R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 314. | "Comparison of Restraint System Marks with Proper and Improper Belt Usage", Society of Automotive Engineers 2009-01-1243, Jeffrey Brown, et a | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 315. | "Evaluation of Seat Belt Assembly Physical Evidence in Properly Functioning and Intentionally Disabled Retractor Demonstrations", Society of Automotive Engineers 2009-01-1245, Daniel Toomey, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 316. | "Frontal Impact Rear Seatbelt Load Marks: An In-Depth Analysis", Society of Automotive Engineers 2009-01-1249, Roger Burnett, et a | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | admissible as exhibit Fed. R. Evid. 803 (18) |
| 317. | "Marks on Seat Belt Systems with Pretensioners and Force Limiters in Airbag Deployment Crashes", Society of Automotive Engineers 2009-01-1252, Mark Jakstis, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 318. | "Seat Belt Restraint Evidence Generated in the Presence of Fractured Glass", Society of Automotive Engineers 2012-01-0084, Marie Moralde, et a | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 319. | "Comfort and Usability of the Seat Belts", Society of Automotive Engineers 2001-01-0051, Balci, et al | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 320. | "Safety Belt Fit, Comfort, and Contact Pressure Based on Upper Anchorage location and Seat Back Angle", | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | Society of Automotive Engineers 2003-01-0954, Chen, et al |  | R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 321. | "Fatality Reduction by Safety Belts for Front-Seat Occupants of Cars and Light Trucks", NHTSA Technical Report DOT HS 809 199, December 2000 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 322. | "Lives Saved by Federal Motor Vehicle Safety Standards and Other Vehicle Safety Technologies, 1960-2002", NHTSA Technical Report DOT HS 809 833, October 2004 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 323. | 2003 "GM CRIS Research Project - 1996 Blazer Inversion Demonstration Test Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 324. | 2003 "GM CRIS Research Project - 1996 Blazer Production Roof Test Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 325. | "Occupant Seat Belt Restraint Systems", General Motors (GM) Advanced Product Engineering Report (APER) No. 225, 1974, R.S. Cataldo | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 326. | Forensic Analysis of Seat Belt Retractor Torsion Bars - Jeffrey Jenkins, et al. SAE2009-01-124 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 327. | Hybrid III Sternal Deflection Associated with Thoracic Injury Severities of Occupants Restrained with Force-Limiting Shoulder Belts. - Harold J. Mertz, et al. SAE1995-950886 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  |  | Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 328. | NHTSA – NCAP Test Improvements with Pretensioners and Load Limiters. -Marie C. Walz, DOT HS 809 562 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 329. | NHTSA – NCAP Test Improvements with Pretensioners and Load Limiters.- Marie C. Walz, DOT HS 809 563 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 330. | Thoracic Injury in Frontal Crash with Occupant Restrained with Belt Load Limiter - Foret-Bruno et al, DOT HS 982 166 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 331. | Comparison of Thoracic Injury risk in Frontal Car Crashes for Occupant | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Restrained without Belt Load Limiter and Those Restrained with 6Kn and 4Kn Belt Load Limiters - Foret-Bruno et al, 2001-22-0009 | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 332. | Deposition exhibits of Paul Van Rooyen<br>.1 Table of Contents<br>.2 Binder<br>.3 Report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802. |
| 333. | File Materials of Paul Van Rooyen | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 334. | Demonstrative Exhibits of Paul Van Rooyen | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 335. | Curriculum Vitae of William Hohnstadt | YES | Hearsay, Fed. R. Evid. 802.; |
| 336. | Testimony List of William Hohnstadt | YES | Hearsay, Fed. R. Evid. 802.; |
| 337. | Report of William Hohnstadt | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 338. | IEE OC Components – marked Figure 1 to Hohnstadt report | NO | |
| 339. | Passenger Airbag Status Indicator Location and Illustration - marked Figure 2 to Hohnstadt report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 340. | Correcting an OFF Indication for an Adult - marked Figure 3 to Hohnstadt report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 341. | Crash Data Retrieval (CDR) Report for the data downloaded from the subject vehicle's Sensing and Diagnostic Module – see Bates  FAUST000017440-17449 | YES | Cumulative Fed. R. Evid. 403 |
| 342. | Subject vehicle Information (GM Vehicle Inquiry System info, new vehicle invoice, title and warranty history, component build list, etc.) for VIN 1G1ZD5EU0CF383419 – see Bates FAUST 000004616, FAUST 000004617-000004618 and FAUST 000004619-000004626 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 343. | Restraint section of the service manual for the subject 2012 Chevrolet Malibu – see Bates FAUST000003497-3600 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; |
| 344. | 2012 Chevrolet Malibu Vehicle Owner's Manual – see Bates FAUST000000001-404 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 345. | FMVSS208 Compliance Summary applicable to the subject vehicle – see Bates FAUST000005465-5826 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 346. | Performance Assessment Committee (PAC) reports for the 2012 Chevrolet Malibu frontal air bag system – see Bates  FAUST000004627-4846 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 347. | Restraint Systems Evaluation Considerations Book for the 2012 Chevrolet Malibu frontal airbag system – see Bates  FAUST000004847-5009 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 348. | Occupant Sensing performance review for the frontal air bag system applicable to the 2012 Chevrolet Malibu – see Bates FAUST000006905-6999 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 349. | Occupant sensing performance reports for the IEE OC system applicable to | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | the 2012 Chevrolet Malibu – see Bates FAUST000005316-5456 and Bates FAUST000015518-15558 | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 350. | General Motors best practice documents for occupant sensing systems | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Undisclosed in discovery |
| 351. | Summaries of the IEE OC System function and design – see Bates FAUST000006911-6915, 6956-6960 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 352. | Out of position testing for the frontal air bag system applicable to the 2012 Chevrolet Malibu – see Bates FAUST000004701 and select pages from FAUST000004627-4846 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 353. | Deposition exhibits of William Hohnstadt | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | .1 Depo Notice<br>.2 CV<br>.3 Testimony List<br>.4 Material reviewed but not reproduced<br>.5 Binder |  | Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 354. | File Materials of William Hohnstadt | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 355. | Demonstrative Exhibits of William Hohnstadt | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 356. | Curriculum Vitae of Kathryn Anderson | YES | Hearsay, Fed. R. Evid. 802.; |
| 357. | Testimony List of Kathryn Anderson | YES | Hearsay, Fed. R. Evid. 802.; |
| 358. | Vehicle Inspection photographs taken November 16, 2017 | No objection |  |
| 359. | Report of Kathryn Anderson | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 360. | Official Oklahoma Traffic Collision Report Diagram Supplemental – marked Figure 1 to Anderson report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 361. | Police Photo Taken of the Front of Subject Vehicle at the Crash Scene - – marked Figure 2 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 362. | Police Photo Taken of Passenger (Right) Side of Subject Vehicle at the Crash Scene – marked Figure 3 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 363. | Police Photo Taken of Drivers (Left) Side of Subject Vehicle at the Crash Scene – marked Figure 4 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 364. | Inspection Photo – marked Figure 5 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 365. | Inspection Photo – marked Figure 6 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 366. | Inspection Photo – marked Figure 7 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 367. | Bready Inspection Photo – marked Figure 8 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 368. | Bready Inspection Photo – marked Figure 9 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 369. | Inspection Photo – marked Figure 10 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 370. | Inspection Photo – marked Figure 11 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 371. | Inspection Photo of the Left Side Occupant Compartment of Subject Vehicle – marked Figure 12 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 372. | Police Photo Taken of the Right Side Occupant Compartment of Subject Vehicle at the Crash Scene – marked Figure 13 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 373. | Inspection Photo – lower instrument panel and glove box at time of inspection – marked Figure 14 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 374. | Inspection Photo – lower left side of glove box compartment – marked Figure 15 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 375. | Inspection Photo – marked Figure 16 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 376. | Inspection Photo – marked Figure 17 to Anderson report | YES | Cumulative Fed. R. Evid. 403 |
| 377. | Frequency of Cars and Light Trucks in Non Rollover Fatal Crashes – marked Figure 18 to Anderson report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 378. | Change in Longitudinal Vehicle Velocity Over Time of Pretensioner/Air Bag Deployment – marked Figure 19 to Anderson report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 379. | Cumulative Probability of Injury in Cars and Light Trucks in Non Rollover Frontal Crashes – marked Figure 20 to Anderson report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 380. | 2012 Chevrolet Malibu Sunvisor Warning Label – Sadrnia Photo – marked Figure 21 to Anderson report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 381. | Average Vehicle Accelerations from Time of Deployment to Time of Maximum Longitudinal Velocity – marked Table 1 to Anderson report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 382. | NASS-CDS data | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 383. | FMVSS 208 Standard and General Motors compliance documentation | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 384. | https://www.safekids.org/tip/seat-belt-safety-big-kids | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 385. | https://www.nhtsa.gov/equipment/car-seats-and-booster-seats#age-size-rec | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 386. | https://www.healthychildren.org/English/safety-prevention/on-the-go/Pages/Car-Safety-Seats-Information-for-Families.aspxAmerican Academy of Pediatrics | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | 802.; |
| 387. | General Motors Vehicle Safety & Crashworthiness Laboratory - ATD Reference Manual | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 388. | General Motors crash, sled, or out-of-position test documentation, photos, and videos identified in discovery or listed by defendant's experts | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 389. | General Motors and IEE passenger air bag suppression and occupant classification test documentation identified in discovery or listed by defendant's experts | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 390. | NHTSA Crash Tests, documentation, photos and videos | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 391. | IIHS Crash Tests, documentation, photos and videos | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 392. | National Highway Traffic Safety Administration, Federal Registrar, 49 CFR, Part 552 et al., Federal Motor Vehicle Safety Standards; Occupant Crash Protection; Final Rule | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, and cummulative Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 393. | Heller, M.F., Imler, S.M., Corrigan, C.F., et al. "The Effect of Frontal Collision Delta-V and Restraint Status on Injury Outcome." SAE 2010-01-0145 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 394. | Mertz, H.J., Irwin, A.L., and Prasad, P., "Biomechanical and Scaling Bases for Frontal and Side Impact Injury Assessment Reference Values." Stapp Car Crash Journal, Vol. 47 (October 2003), 03S-58 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 395. | Mertz, H.J. and Prasad, P., "Improved Neck Injury Risk Curves for Tension and Extension Moment Measurements of Crash Dummies." Stapp Car Crash Journal, Vol. 44 (November 2000), 2000-01-SC05 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 396. | Mertz, H.J., Prasad, P. and Irwin, A.L., "Injury Risk Curves for Children and Adults in Frontal and Rear Collisions." 41st. STAPP Car Crash Conference, SAE 973318, Nov. 1997 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 397. | SAE J885. Revised 2003-12. "Human Tolerance to Impact Conditions as Related to Motor Vehicle Design." Society of Automotive Engineers, Warrendale, PA | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 398. | 2005 Abbreviated Injury Scale (AIS), Update 2008, published by the Association for the Advancement of Automotive Medicine | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 399. | Hybrid III:  The First Human-Like Crash Test Dummy, SAE PT-44, edited by S. H. Backaitis and H.J. Mertz | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 400. | MD's Atlas of Human Anatomy, Frank H. Netter | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 401. | Deposition exhibits of Kathryn Anderson .1 Binder .2 Binder | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 402. | File Materials of Kathryn Anderson | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 403. | Demonstrative Exhibits of Kathryn Anderson | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 404. | Curriculum Vitae of Elizabeth Raphael | YES | Hearsay, Fed. R. Evid. 802 |
| 405. | Testimony List of Elizabeth Raphael | YES | Hearsay, Fed. R. Evid. 802 |
| 406. | Vehicle Inspection photographs taken November 3, 2017 | No objection | |
| 407. | Notes from Subject Vehicle Inspection | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 408. | Photographs from Surrogate Study performed June 22, 2018 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 409. | Notes from Surrogate Study performed June 22, 2018 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 410. | Report of Elizabeth Raphael | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; |
| 411. | Accident diagram from police report – marked Figure 1 to Raphael report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 412. | Photograph – likely general positions of driver and right front passenger at the time of tree impact – marked Figure 2 to Raphael report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 413. | Cumulative distribution of delta V for frontal impacts – marked Figure 3 to Raphael report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 414. | Cumulative distribution of injury vs delta V – marked Figure 4 to Raphael report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 415. | Summary of AIS Scores for Ashley Faust's injuries – marked Table 1 to Raphael report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 416. | Summary of AIS Scores for KF injuries – marked Table 2 to Raphael report | EYS | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 417. | Images from NHTSA test number RD5910 reproduced from Dr. Ziejewski expert report – marked Figure 5 to Raphael report | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 418. | Google Maps Satellite Image of Accident location | NO | |
| 419. | Occupant Seating Chart | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 420. | GEBOD Figure with Basic Data: Age, Weight and Height – KF | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 421. | External Injury Diagram – KF | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 422. | Internal Injury Diagram – KF | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802.; |
| 423. | Medical Records and Radiology – KF | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 424. | Photos of KF | NO | |
| 425. | AIS Scores – KF | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 426. | GEBOD Figure with Basic Data: Age, Weight and Height – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 427. | External Injury Diagram – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 428. | Internal Injury Diagram – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 429. | Medical Records and Radiology – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 430. | Photos of Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 431. | AIS Scores – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 432. | 2D Anatomical Drawings – KF | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 433. | 2D Anatomical Drawings – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 434. | 3D Anatomical Models – KF | YES | Relevance, Fed. R. Evid. 402; |
| 435. | 3D Anatomical Models – Ashley Faust | YES | Relevance, Fed. R. Evid. 402; |
| 436. | Injury Mechanism – KF | YES | Hearsay, Fed. R. Evid. 802 |
| 437. | Occupant Kinematics – KF | YES | Hearsay, Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802 |
| 438. | Injury Mechanism – Ashley Faust | YES | Hearsay, Fed. R. Evid. 802 |
| 439. | Occupant Kinematics – Ashley Faust | YES | Hearsay, Fed. R. Evid. 802 |
| 440. | NHTSA Test 6830 (Ford Taurus into Ford Taurus, oblique, 113 kph, 15 degrees, 50% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 441. | NHTSA Test 6831 (Ford 500 into Ford 500, oblique, 113 kph, 15 degrees, 50% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 442. | NHTSA Test 6852 (214 MDB into Ford Taurus, oblique, 126 kph, 15 degrees, 50% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 443. | NHTSA Test 6937 (214 MDB into Ford 500, oblique, 116 kph, 15 degrees, 50% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 444. | NHTSA Test 7144 (Ford Taurus into 10" pole, small overlap, 56 kph, 7 degrees) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 445. | NHTSA Test 7292 (Ford Taurus into Ford Taurus, small overlap, 113 kph, 7 degrees) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 446. | NHTSA Test 8478 (OMDB into 2014 Subaru Forester, left side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 447. | NHTSA Test 8787 (OMDB into 2014 Mazda 3, left side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 448. | NHTSA Test 8788 (OMDB into 2014 Mazda CX-5, left side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 449. | NHTSA Test 8789 (OMDB into 2014 Honda Accord, left side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 450. | NHTSA Test 8998 (OMDB into 2014 Mazda CX-5, right side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802.; |
| 451. | NHTSA Test 8999 (OMDB into 2014 Mazda 3, right side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 452. | NHTSA Test 9042 (OMDB into 2014 Honda Accord, right side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 453. | NHTSA Test 9043 (OMDB into 2015 Honda Fit, left side oblique, 90-kph, 15 degrees, 35% overlap) | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 454. | Association for the Advancement of Automotive Medicine. The Abbreviated Injury Scale, 2015 Revision. *AAAM.* 2016 Oct | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 455. | Goertz A, Yaek J, Compton C. Accident statistical distributions from NASS CDS. *SAE Paper No. 2010-01-0139.* 2010 Apr 12 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 803 (18) |
| 456. | Saunders J, Craig M, Parent D. Moving deformable barrier test procedure for evaluating small overlap/oblique crashes. *SAE Int J Commer Veh.* 2012;5(1):172-95 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 457. | Saunders J, Craig MJ, Suway J. NHTSA's test procedure evaluations for small overlap/oblique crashes. *Proc 22nd ESV Conf.* 2011 Jun 13-16 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 458. | Saunders J, Parent D, Ames E. NHTSA oblique crash test results: vehicle performance and occupant injury risk assessment in vehicles with small overlap countermeasures. *Proc 24nd ESV Conf.* 2015 June 8-11 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 459. | Saunders J, Parent D. Assessment of an oblique moving deformable barrier test procedure. *Proc 23rd ESV Conf.* 2013 May 27-30 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | admissible as exhibit Fed. R. Evid. 803 (18) |
| 460. | Saunders J, Parent D. Repeatability of a small overlap and an oblique moving deformable barrier test procedure. *SAE Int J Trans Safety*. 2013;1(2):309-27 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Treatise not admissible as exhibit Fed. R. Evid. 803 (18) |
| 461. | Deposition exhibits of Elizabeth Raphael | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 462. | File Materials of Elizabeth Raphael | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 463. | Demonstrative Exhibits of Elizabeth Raphael | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 464. | Curriculum Vitae of William Van Arsdell | YES | Hearsay, Fed. R. Evid. 802 |
| 465. | Report of William Van Arsdell | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 466. | File Materials of William Van Arsdell | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 467. | Demonstrative Exhibits of William Van Arsdell | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 468. | Deposition Exhibits of Hamed Sadrnia 2nd deposition | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 469. | Documents produced by GM, unless otherwise objected to. | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; No exhibit produced |
| 470. | Owner's manual for the 2012 Chevrolet Malibu – BATES 1-404 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802.; |
| 471. | Warranty booklet for the 2012 Chevrolet Malibu – BATES 405-454 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 472. | Service manual for the 2012 Chevrolet Malibu – BATES 455-4615 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 473. | Invoice for the subject vehicle – BATES 4616 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 474. | Vehicle delivery/incentive history for the subject vehicle – BATES 4617-4618 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 475. | Global Warranty Management printout for the subject vehicle – BATES 4619-4626 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 476. | 2008 GMX386 Final Report to the PAC – BATES 4627-4768 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 477. | 2008 GMX386 Final PAC Report Supplement – BATES 4769-4789 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 478. | 2010 GMX386 Final PAC Report Supplement – BATES 4790-4799 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 479. | 2011 GMX386 Final PAC Report Supplement – BATES 4800-4825 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 480. | 2011 GMX386 Final PAC Report Supplement (2) – BATES 4826-4846 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 481. | Occupant Performance Evaluation Consideration Book, Version 4, Revision 12/7/2000 – BATES 4847-5009 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 482. | Occupant Performance Evaluation Consideration | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Book, Version 4.2, Revision 11/21/2005 – BATES 5010-5165 | | Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 483. | Occupant Performance Evaluation Consideration Book, Version 5, Revision 10/1/2009 – BATES 5166-5315 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 484. | Static Evaluation Reports: 08-X386-PS02 and 10-X386-PS01 – BATES 5316-5349 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 485. | Environmental Evaluation Reports:  08-X386-PS03 and 10-X386-PS03 – BATES 5350-5407 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 486. | Dynamic Drive Evaluation Reports: 08-X386-PS04 and 10-X386-PS04 – BATES 5408-5433 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 487. | Clinic Evaluation Reports: 08-X386-PS05 and 10-X386-PS02 – BATES 5434-5456 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 488. | FMVSS 208 compliance documentation applicable to the 2012 GMX386 Chevrolet Malibu – BATES 5457-5826 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 489. | Test procedures for FMVSS 208 applicable to the 2012 GMX386 Chevrolet Malibu – BATES 5827-6003 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 490. | FMVSS 209 compliance documentation applicable to the 2012 GMX386 Chevrolet Malibu – BATES 6004-6091 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 491. | Test procedures for FMVSS 209 applicable to the 2012 GMX386 Chevrolet Malibu – BATES 6092-6205 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 492. | FMVSS 210 compliance documentation applicable to the 2012 GMX386 Chevrolet Malibu – BATES 6206-6232 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 493. | Test procedures for FMVSS 210 applicable to the 2012 GMX386 Chevrolet Malibu – BATES 6233-6319 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Hearsay, Fed. R. Evid. 802.; |
| 494. | PADs/MPPs for the front safety belt assemblies on the 2012 GMX386 Chevrolet Malibu – BATES 6320-6327 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 495. | 2D drawings of the front safety belt assemblies on the 2012 GMX386 Chevrolet Malibu – BATES 6328-6350 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 496. | 3D design information for the front safety belt assemblies on the 2012 GMX386 Chevrolet Malibu – BATES 6351-6369 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 497. | FMEA/DFMEA/PFMEA/DR BFM applicable to the front safety belts in the 2011-2012 GMX386 Chevrolet Malibu – BATES 6370-6504 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 498. | Evaluation reports and/or engineering analysis reports applicable to the front safety belts in the 2011-2012 GMX386 Chevrolet Malibu – BATES 6505-6531 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 499. | Parts list for the front safety belts in the 2012 GMX386 Chevrolet Malibu – BATES | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | 6532 | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 500. | Test procedures for FMVSS 201 – BATES 6533-6649 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 501. | FMVSS 201 compliance documentation applicable to the 2012 GMX386 Chevrolet Malibu – BATES 6650-6770 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 502. | PADs/MPPs for the SDM on the 2012 GMX386 Chevrolet Malibu – BATES 6771 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 503. | PADs/MPPs for the frontal airbag system wiring harness on the 2012 GMX386 Chevrolet Malibu – BATES 6772-6862 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 504. | PADs/MPPs for the right front passenger seat on the 2012 GMX386 Chevrolet Malibu – BATES 6863-6864 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 505. | PADs/MPPs for the | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | instrument panel on the 2012 GMX386 Chevrolet Malibu – BATES 6865-6875 | | R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 506. | 2010 GMX386 Sedan Chevrolet Malibu Frontal Sensing Performance Review – BATES 6876-6904 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 507. | 2008 GMX386 Chevrolet Malibu Passenger Sensing System IEE OC System Final Performance Review – BATES 6905-6949 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 508. | 2010 GMX386 Chevrolet Malibu Passenger Sensing System IEE Automatic Occupant Sensing (AOS) Final Performance Review – BATES 6950-6999 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 509. | GMX386 2008 Chevrolet Malibu Safety Final Performance Report – BATES 7000-7025 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 510. | List of frontal and near frontal impact crash tests for the 2008-2010 GMX386 Chevrolet Malibu – BATES 7026-7037 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | Evid. 802.; |
| 511. | List of frontal sled tests with at least one ATD in the front outboard seating position of the 2008-2010 GMX386 Chevrolet Malibu – BATES 7038-7085 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 512. | 2D drawings of the SDM on the 2012 Chevrolet Malibu – BATES 7086-7091 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 513. | 3D design information for the SDM on the 2012 Chevrolet Malibu – BATES 7092-7094 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 514. | 2D drawings of the frontal airbag system wiring harness on the 2012 Chevrolet Malibu – BATES 7095-7098 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 515. | 3D design information for the frontal airbag system wiring harness on the 2012 Chevrolet Malibu – BATES 7099-7102 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 516. | 3D design information for the passenger presence system on the 2012 Chevrolet Malibu – BATES | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | 7103-7111 |  | R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 517. | 2D drawings of the right front passenger seat on the 2012 Chevrolet Malibu – BATES 7112-7130 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 518. | 3D design information for the right front passenger seat on the 2012 Chevrolet Malibu – BATES 7131-7158 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 519. | 2D drawings of the instrument panel on the 2012 Chevrolet Malibu – BATES 7159-7325 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 520. | 3D design information for the instrument panel on the 2012 Chevrolet Malibu – BATES 7326-7398 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 521. | 2D drawings of the components that make up the right front passenger knee bolster on the 2012 Chevrolet Malibu – BATES 7399-7431 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 522. | 3D design information for the components that make up | YES | Relevance, Fed. R. Evid. 402; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | the right front passenger knee bolster on the 2012 Chevrolet Malibu – BATES 7432-7438 | | Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 523. | GMUTs for rough road and abuse testing applicable to the 2008-2012 GMX386 vehicles – BATES 7439-7454 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 524. | Problem Resolution Tracking System (PRTS) reports involving the passenger presence system on the 2008-2013 GMX386 vehicles – BATES 7455-7503 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 525. | Problem Resolution Tracking System (PRTS) reports involving the driver or front passenger safety belts on the 2011-2012 GMX386 vehicles – BATES 7504-7785 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 526. | Program Plan Book applicable to the 2012 Chevrolet Malibu – BATES 7786-7934 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 527. | Reports of inflation induced injury testing applicable to the right front passenger airbag in the 2012 Chevrolet Malibu – BATES 7935-8012 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 528. | Video for reports of inflation induced injury testing applicable to the right front passenger airbag in the 2012 Chevrolet Malibu – BATES 8013-8020 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 529. | Crash test reports and evaluation reports for frontal crash tests applicable to 2008-2012 GMX386 vehicles identified in the PAC reports – BATES 8021-9544 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 530. | Video for frontal crash tests applicable to 2008-2012 GMX386 vehicles identified in the PAC reports – BATES 9545-9561 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 531. | Sled test set-up sheets, data, and evaluation reports for frontal sled tests with an ATD in the front seating position applicable to 2008-2012 GMX386 vehicles identified in the PAC reports – BATES 9562-12916 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 532. | Video for frontal sled tests with an ATD in the front seating position applicable to 2008-2012 GMX386 vehicles identified in the PAC reports – BATES 12917-12949 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 533. | Reports of inflation induced injury testing applicable to the driver airbag on the 2012 Chevrolet Malibu – BATES | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | 12950-13058 | | R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 534. | Video for inflation induced injury testing applicable to the driver airbag on the 2012 Chevrolet Malibu Video/Stills for L72193, L72194, L72195, L72196, L72197 and L72198 – BATES 13059-13060 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 535. | Systems requirements documentation for the 2012 Chevrolet Malibu (Continental) – BATES 13061-13219 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 536. | Software definition documentation for the 2012 Chevrolet Malibu (Continental) – BATES 13220-13323 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 537. | Documents describing the hardware for the 2012 Chevrolet Malibu (Continental) – BATES 13324-13359 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 538. | Validation documents for the 2012 Chevrolet Malibu (Continental) – BATES 13360-13539 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 539. | PPAP documentation for the | YES | Relevance, Fed. |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | 2012 Chevrolet Malibu (Continental) – BATES 13540-13546 |  | R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 540. | Vehicle calibration/parameter files for the 2012 Chevrolet Malibu (Continental) – BATES 13547-13597 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 541. | PIE N16-0204352 2016 PIR Decision Record – BATES 13598 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 542. | SFADA N16-202720 SFADA Decision Matric 10/19/2016 – BATES 13599 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 543. | SFADA N16-203013 SFADA Decision Matrix 6/19/16 – BATES 13600 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 544. | GVS CORE N-15-168343 2008-2012 Chevrolet Malibu, Saturn Aura, Pontiac G6 Passenger Front Airbag Non-Deploy – BATES 13601-13803 | NO |  |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 545. | GVS CORE N-15-202332 2011--2012 Chevrolet Malibu and Equinox Aftermarket Seat Heater PPS – BATES 13804-14173 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 546. | GVS CORE N-17-208417 2009 Chevrolet Malibu, RF Passenger Airbag Suppressed with Occupant in RF Seat – BATES 14174-14185 | NO | |
| 547. | GVS CORE N-17-208543 2011 Chevrolet Malibu Sensor System Intermittently Detects Passenger in Seat, will not detect 100 lb passenger – BATES 14186-14221 | No | |
| 548. | GVS CORE A14-164584 2001-2015 Chevrolet Malibu Seat Belt Rear Center Hinge Pin Rivet Missing – BATES 14222-14264 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 549. | GVS CORE N14-164638 SUFS 1113 2012 Chevrolet Malibu – BATES 14265-14266 | NO | |
| 550. | GVC CORE N15-161738 EPI 898  2012 Chevrolet Malibu – BATES 14267-14315 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 551. | Test Reports, Evaluation Reports, Set Up Sheets for Crash and Sled Tests | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Referre3d to in PAC Report – BATES 14316-15425 | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 552. | Video for Crash and Sled Tests referred to in PAC Report – BATES 15426-15433 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 553. | FMVSS 208 Front Passenger Air Bag Suppression – Static, Environmental, Dynamic Drive and Clinic (GMW 15039) – BATES 15434-15505 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 554. | GMX386 Final PAC Report Supplement 3 7/29/11 – BATES 15506-15517 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 555. | Performance Evaluation Reports; Static Evaluation Report:  08-X386-PS02 and | YES | Relevance, Fed. R. Evid. 402; Unfair |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | 10-X386-PS01 – BATES 15518-15558 | | Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 556. | GVS Core N14-164845 2014 Chevrolet Traverse Seat Belt Retractor Locked Up – BATES 15559-15846 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 557. | Meetings minutes for the PDT Team, program execution Team (PET), VAPIR, and PPEC Related to the Design, Development and Performance of the Passenger Presences System in the 2008-2012 GMX386 – BATES 15847-16307 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 558. | IEE Documents Describing the Passenger Presence System used in the 2012 Chevrolet Malibu – IEE00001-IEE000171 – BATES 16308-16478 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 559. | N-15-205650 2008-12 Malibu AURA G6 Asymmetrical Airbag | NO | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | Development – BATES 16479-16512 | | |
| 560. | Customer Report OC Project 10950 Certification Data – BATES 16513-16551 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 561. | Technical Report – OC Project 10950 Trim & Foam Changes for Appearance Improvements Report – BATES 16552-16557 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 562. | Technical Report – OC Project 10950 PV Teardown/Durability Report – BATES 16558-16568 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 563. | Technical Report - OC Project 10950 PV Teardown/Durability Report – BATES 16569-16579 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | of exhibit exchange |
| 564. | Technical Report - OC Project 10950 PV Teardown/ Durability Report – BATES 16580-16590 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 565. | Reliability Study – BATES 16591-16594 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 566. | Customer Report – OC Project 10950 Certification Data Performance and Robustness on v8x Algorithm – BATES 16595-16633 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 567. | Technical Report – OC Project 10950 Calibration Report – BATES 16634-16797 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | of exhibit exchange |
| 568. | Technical Report – OC Project 10950 Concerns/Verification Report – BATES 16798-16805 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 569. | 2D and 3D seating arrangement drawing for 2012 Chevrolet Malibu – BATES 16806-16809 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 570. | Vehicle Technical Specifications (VTS) for 2012 Chevrolet Malibu – BATES 16810-17433 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 571. | Safety Belt Technical Specifications for 2012 Chevrolet Malibu – BATES 17434-17617 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | of exhibit exchange |
| 572. | Weight-Based Suppression Component Technical Specification CM 20331 – BATES 17638-17692 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 573. | Static Automatic Suppression System Component Technical Specification CG1652 – BATES 17693-17733 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 574. | Facebook Posts of Ashley Faust – BATES 17734-17735 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; |
| 575. | Carfax Report – BATES 17736-17739 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 576. | CDR Report – BATES | | |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  | 17740-17749 |  |  |
| 577. | 2011 GMX 386 Sedan Chevrolet Malibu – Frontal Sensing Performance Review – BATES 17750-17780 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 578. | Documents produced by Autoliv, unless otherwise objected to. | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 579. | DRAWINGS - RH SB Assy – Bates AUTOLIV 000001 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 580. | GMN11086 Safety Belt CTS-1204 - Bates AUTOLIV 000002-79 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 581. | GMW14831 - May 2012 - Bates AUTOLIV 000080-153 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 582. | GMW14832 Jun 2006 - Bates AUTOLIV 000154-170 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 583. | Commodity Validation Sign Off - Belt Assy 3660 3-15-10 Signed -  Bates AUTOLIV 000171-172 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 584. | Commodity Validation Sign Off - Belt Assy 3660 Extr Retr 5-10-10 signed – Bates AUTOLIV 000173 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 585. | R230 PV - 1829 - Complete and Signed – Bates AUTOLIV 000174-179 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 586. | NCAP Report – 2011 Chevrolet Malibu 1LS 4-door Sedan – Bates AUTOLIV 000180-377 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 587. | GMX381-6 2011 NCAP – BBates AUTOLIV 000378 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 588. | SGS Test Lab Report Number 177-030109-1-10 dated March 8, 2010 – Bates AUTOLIV 000379-394 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 589. | Takata Tongue Drawing - 20929146 003 Takata CLT – Bates AUTOLIV 000395-398 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 590. | PV – Analysis/ Development/Validation Plan & Report- GM1829 - 2-26-10 –B1 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 591. | Product Specification No 20923146 – Bates AUTOLIV 000472 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 592. | Envelope Drawing Check List for GM Airbag Programs – Bates AUTOLIV 000473 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 593. | Drawing -  Module, Pass – Bates AUTOLIV  000474 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 594. | Drawing - Chart-Airbag ASM – Bates AUTOLIV 000475-479 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 595. | Drawing - PLP Cover – Bates AUTOLIV  000480 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 596. | Drawing - FOB RH Bkl Assy – Bates AUTOLIV  000481 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 597. | Drawing – Anchorplate – Bates AUTOLIV  000482 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 598. | Validation Sign-Off – Bates AUTOLIV  000483 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 599. | Validation P&R – Bates AUTOLIV  000484-489 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 600. | Validation P&R – Bates AUTOLIV  000490-495 | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 601. | Exhibits to the deposition of IEE deponent | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 602. | Documents to be produced by IEE pending entry of Protective Order | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 603. | Plaintiffs' Petition and any amendments thereto | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit exchange |
| 604. | Plaintiffs' discovery responses | YES | Relevance, Fed. R. Evid. 402; Unfair Prejudice, Fed. R. Evid. 403; Hearsay, Fed. R. Evid. 802.; Not produced as part of exhibit |

| No. | Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | exchange |
| 605. | All exhibits produced by Plaintiffs in discovery not objected to by General Motors | YES | Improper Catchall |
| 606. | All documents produced by General Motors in discovery and not objected to by Defendants. | YES | Improper Catchall |
| 607. | Demonstrative exhibits | YES | Undisclosed |
| 608. | Any materials produced by Defendants and not objected to by Defendants | YES | Improper Catchall |
| 609. | Any materials produced by Plaintiffs not otherwise objected to by Defendants | YES | Improper Catchall |
| 610. | Any and all exhibits necessary in rebuttal | YES | Improper Catchall |
| 611. | General Motors reserves the right to utilize any of the aforementioned exhibits in enlarged form | No objection | |
| 612. | General Motors reserves the right to supplement this list to identify additional exhibits as discovery progresses | | |

7.    <u>WITNESSES</u>:  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.    <u>Plaintiff</u>:

| <u>Name</u> | <u>Address</u> | <u>Proposed Testimony</u> |
|---|---|---|
| Richard Faust, Personal Representative of the Estate of K.F., Deceased | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 | Will offer testimony as with regard to the accident, Ashley's injuries, the injuries of K.F., and damages associated with the case. Deposed. |
| Ashley Faust | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 | Will offer testimony as with regard to the accident, her injuries, the injuries of K.F., and damages associated with the case.  Deposed. |
| Jill Faust | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 | Will offer testimony with regard to the accident, the injuries of K.F., the injuries of Ashley Faust, and damages associated with the case.  Deposed. |
| Justin Frederick | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 | Will offer testimony with regard to the accident, the injuries of K.F., the injuries of Ashley Faust, and damages associated with the case.  Deposed. |
| Lydia Cuellar (My best friend) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 210-875-9668 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |

| Sharon Sanders (Mine and Kaitlyn's 1st grade teacher) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-281-6204 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
|---|---|---|
| Jennifer Burgess Wright (Cheer coach/friend) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-250-5090 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Tammy Cearnal (Cheer mom/friend) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-397-6256 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Amanda Bertone (Cheer mom/friend) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-388-6521 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Amy Reddout (Cheer mom/friend) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-229-9674 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Lindsay Tesio (Cheer mom/Kaitlyn's PE teacher/Friend) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-642-6274 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Joann McDaris (Family friend/ Kaitlyn's baby sitter) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-391-3726 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Jeff Faust (Kaitlyn's Uncle/My brother) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 918-814-3056 | Anticipated to talk about the effect on the family from the loss of Kaitlyn. |

| Shannon Faust (Kaitlyn's Aunt/My sister-in-law) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 918-814-3052 | Family member, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
|---|---|---|
| Lisa Parsons (Kaitlyn's Aunt/My sister) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-664-5429 | Family member, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Corey Faust (Kaitlyn's Uncle/My brother) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-686-8155 | Family member, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Darlene Frederick (Paternal Grandmother) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-850-5412 | Family member, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Nicole Sama (Paternal Aunt) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-822-2186 | Family member, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Jonathan Frederick (Paternal Uncle) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-835-1804 | Family member anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Lisa Goodwin Pitts (Kaitlyn's 5th grade teacher) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-623-8403 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
| Barbara Bayless (Kaitlyn's 3rd grade teacher) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-213-5302 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |

| Kathy Austin (Mine and Kaitlyn's 2nd grade teacher) | c/o Jason E. Robinson Denney & Barrett, P.C. 870 Copperfield Dr. Norman, OK 73072 405-249-9306 | Family friend, anticipated to talk about the effect on the family from the loss of Kaitlyn. |
|---|---|---|
| Neil Hanneman | 26811 NE Highland Meadows Dr. Vancouver, WA 98682 | Mr. Hanneman will testify regarding all aspects of liability with regard to the design, engineering and testing of the subject vehicle, the subject seatbelt and airbag, as well as the design and function of the airbag suppression system. |
| William P. Munsell | 1001 Rockland Ridge Norman, Oklahoma 73026 | Mr. Munsell will testify regarding the reconstruction of the subject accident and its pulse, duration and all aspects of liability with regard to accident reconstruction. |
| Mariusz Ziejewski, Ph.D., Inz. | NDSU's Mechanical Engineering Department Dolve Hall Room 111 Fargo, ND 58102 | Dr. Ziejewski will testify regarding all aspects of liability with regarding mechanism of injury to K.F. and with regard to alternative designs that may have prevented her injury and/or death.  He is also anticipated to talk about occupant kinematics. |
| Wesley Hester | c/o OKC EMSA | EMT who treated K.F. |
| Robert Letton, Jr., M.D. | c/o OU Medical Center | Treating physician |
| Nichole Rogers, M.D. | c/o OU Medical Center | Treatment of K.F. |
| Staff at OU Medical Center who treated K.F. | c/o OU Medical Center | Treatment of K.F. |

| | | |
|---|---|---|
| Elizabeth Kiihr | c/o General Motors | Deposed |
| Samuel Lewis | c/o OKC Fire Department | Deposed |
| Dennis Paige | | Deposed |
| David Prentkowski | | Deposed |
| Hamid Sadrnia | | Deposed |
| IEE Corporate Representative | c/o Herbert C. (Bert) Donovan 401 South Old Woodward, Suite 400 Birmingham, Michigan 48009 | |
| MSgt. William Dale Scruggs | c/o OKC Police Department | Investigation of the accident. Deposed. |
| Joe M. Smith | | Deposed. |
| Scotty D. Spence | | Deposed. |
| Tori Spencer | | Deposed. |
| Eric Stark | | Deposed. |
| EMSA Personnel | 1111 Classen Drive Oklahoma City, OK 73103 | May testify regarding their treatment of the Plaintiffs |
| OU Medical Center Presbyterian Personnel | 700 N.W. 13th Street Oklahoma City, OK 73104 | May testify regarding their treatment of the Plaintiffs. |
| Oklahoma State Medical Examiner | 901 N. Stonewall Ave. Oklahoma City, OK 73117 | May testify regarding his examination |
| Car Cab Wrecker Service | 4105 S. Eastern Avenue Oklahoma City, OK 73129 | May testify regarding transportation of the subject vehicle. |

| | | |
|---|---|---|
| Any medical, emergency and police personnel who have yet to be identified through discovery in this matter that provided services to K.F. | | |
| Any medical, emergency and police personnel who have yet to be identified through discovery in this matter that provided services to Ashley Faust | | |
| Any expert witnesses identified by Defendant General Motors | | |
| Any expert witnesses identified by Defendant Autoliv | | |
| Any witness identified by any other party | | |
| Rebuttal witnesses | | |
| Any witness identified throughout the course of discovery | | |
| Any witness needed for foundation | | |

## B.   **Defendant Autoliv ASP, Inc. Witness List**

| No. | NAME & CONTACT INFORMATION | EXPECTED TESTIMONY |
|---|---|---|
| 1. | Msgt. Dale Scruggs Oklahoma City Police Department | Deposed.  Investigating officer. May offer testimony regarding his observations at the accident scene. |
| 2. | Lt. Joe Smith Oklahoma City Fire Department | Deposed.  First responder.  May offer testimony regarding his observations at the accident scene. |
| 3. | Lt. Samuel Lewis | Deposed.  First responder.  May |

| | | |
|---|---|---|
| | Oklahoma City Fire Department | offer testimony regarding his observations at the accident scene. |
| 4. | David Prentkowski<br>c/o James A. Jennings<br>Haylie D. Treas<br>JENNINGS TEAGUE, P.C.<br>204 N. Robinson, Suite 1000<br>Oklahoma City, OK 73102 | Deposed.  Autoliv engineer who may offer testimony regarding seat belt related matters. |
| 5. | William Van Arsdell<br>c/o James A. Jennings<br>Haylie D. Treas<br>JENNINGS TEAGUE, P.C.<br>204 N. Robinson, Suite 1000<br>Oklahoma City, OK 73102 | Expert (seat belt design, manufacture, performance, testing, and related matters). |
| 6. | Jon Bready<br>c/o Andrew Richardson<br>Harold Zuckerman<br>MCAFEE & TAFT<br>Williams Center Tower II<br>2 W. 2nd Street, Suite 1100<br>Tulsa, OK 74103 | Expert (accident reconstruction, vehicle crash performance, and related matters). |
| 7. | Elizabeth Raphael<br>c/o Andrew Richardson<br>Harold Zuckerman<br>MCAFEE & TAFT<br>Williams Center Tower II<br>2 W. 2nd Street, Suite 1100<br>Tulsa, OK 74103 | Expert (occupant kinematics, biomechanical reconstruction, injury mechanism/causation, and related matters). |
| 8. | Ashley Dawn Faust<br>c/o Richard Denney<br>Lydia JoAnn Barrett<br>Jason Robinson<br>DENNEY & BARRETT, P.C.<br>870 Copperfield Drive<br>Norman, OK 73072 | Plaintiff.  Deposed.  May offer testimony as to the alleged facts surrounding the events described in Plaintiffs' Petition and Plaintiffs' allege damages. |
| 9. | Tori Spencer<br>EMSA | Deposed.  First responder.  May offer testimony regarding her observations at the accident scene and her treatment of K.F. |
| 10. | Corporate Representative of Autoliv<br>c/o James A. Jennings<br>Haylie D. Treas<br>JENNINGS TEAGUE, P.C. | May offer testimony relating to Autoliv's defenses and other related matters. |

| | | |
|---|---|---|
| | 204 N. Robinson, Suite 1000<br>Oklahoma City, OK 73102 | |
| 11. | Katheryn Anderson<br>c/o Andrew Richardson<br>Harold Zuckerman<br>MCAFEE & TAFT<br>Williams Center Tower II<br>2 W. 2nd Street, Suite 1100<br>Tulsa, OK 74103 | Deposed.  GM engineer. |
| 12. | Paul Van Rooyen<br>c/o Andrew Richardson<br>Harold Zuckerman<br>MCAFEE & TAFT<br>Williams Center Tower II<br>2 W. 2nd Street, Suite 1100<br>Tulsa, OK 74103 | Deposed.  GM engineer. |
| 13. | Trevor Kelley<br>Oklahoma City Fire Department | Deposed.  First responder.  May offer testimony regarding his observations at the accident scene. |
| 14. | Dennis Paige<br>Oklahoma City Fire Department | Deposed.  First responder.  May offer testimony regarding his observations at the accident scene. |
| 15. | Scott Spence<br>Oklahoma City Fire Department | Deposed.  First responder.  May offer testimony regarding his observations at the accident scene. |
| 16. | Eric Stark<br>Oklahoma City Fire Department | Deposed.  First responder.  May offer testimony regarding his observations at the accident scene. |
| 17. | Wesley Hester<br>EMSA | Deposed.  First responder.  May offer testimony regarding his observations at the accident scene and his treatment of K.F. |
| 18. | Hamed Sadrnia<br>c/o Andrew Richardson<br>Harold Zuckerman<br>MCAFEE & TAFT<br>Williams Center Tower II<br>2 W. 2nd Street, Suite 1100<br>Tulsa, OK 74103 | Deposed.  GM engineer. |

## C.     Defendant GM LLC

| No. | Name | Anticipated Testimony |
|-----|------|----------------------|
| 1. | Plaintiff, Richard Faust, Personal Representative of the Estate of K.F, deceased<br>c/o Denney & Barrett<br>Norman, Oklahoma<br>Attorneys for Plaintiff | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu and Plaintiffs' alleged damages. Additionally, deposed. |
| 2. | Ashley Faust Representative of the Estate of K.F, deceased<br>c/o Denney & Barrett<br>Norman, Oklahoma<br>Attorneys for Plaintiff | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu and Plaintiffs' alleged damages. Additionally, deposed. |
| 3. | Justin Frederick<br>Father of K.F., Deceased<br>c/o Denney & Barrett<br>Norman, Oklahoma<br>Attorneys for Plaintiff | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu and Plaintiffs' alleged damages. Additionally, deposed. |
| 4. | Jill Faust<br>c/o Denney & Barrett<br>Norman, Oklahoma<br>Attorneys for Plaintiff | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu and Plaintiffs' alleged damages. Additionally, deposed. |
| 5. | William Dale Scruggs<br>Badge 0453<br>Oklahoma City Police Department<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident. Additionally, deposed. |
| 6. | Wesley Hester<br>EMSA Unit 295<br>Oklahoma City OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiffs' decedent's injuries. Additionally, deposed. |

| No. | Name | Anticipated Testimony |
|---|---|---|
| 7. | Tori Spencer<br>EMSA Unit 295<br>Oklahoma City OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |
| 8. | Samuel Lewis<br>c/o OKC Fire Dept<br>820 Northwest Fifth Street<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |
| 9. | Joe Smith<br>c/o OKC Fire Dept<br>820 Northwest Fifth Street<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |
| 10. | Scott Spence<br>c/o OKC Fire Dept<br>820 Northwest Fifth Street<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |
| 11. | Dennis Paige<br>c/o OKC Fire Dept<br>820 Northwest Fifth Street<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |

| No. | Name | Anticipated Testimony |
|-----|------|----------------------|
| 12. | Eric Stark<br>c/o OKC Fire Dept<br>820 Northwest Fifth Street<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |
| 13. | Trevor Kelley<br>c/o OKC Fire Dept<br>820 Northwest Fifth Street<br>Oklahoma City, OK | Facts and circumstances of the subject incident, the 2012 Chevrolet Malibu, and observations at the scene of the subject incident; nature and extent of Plaintiffs' and Plaintiff's decedent's injuries. Additionally, deposed. |
| 14. | Jon Bready<br>Collision Safety Engineering LC<br>150 South Mountain Way Drive<br>Orem, UT 84058 | Mr. Bready will testify regarding accident reconstruction of the subject accident including but not limited to crash severity, movement of the vehicle and occupants during the crash sequence, the speeds and changes in velocity, forces experienced and angles of the vehicle throughout the sequence. Will also testify regarding his inspection of the vehicle and site. |

| No. | Name | Anticipated Testimony |
|---|---|---|
| 15. | Kathryn F. Anderson<br>General Motors – EA<br>30200 Mound Rd<br>Mail Code: 480-111-E20<br>Warren, MI  48090 | Ms. Anderson will testify regarding the subject vehicle and its restraint system, airbag system and related components. She will also testify about he history, design, development and limitations of the airbag systems, sensing systems, passenger presence systems as well as other safety systems and information provided and available to customers. She may also address biomechanics and kinematics as well as severity of this crash. She may testify regarding the testing and work of other experts. Will also testify regarding his inspection of the vehicle and site. |
| 16. | Hamed Sadrnia<br>General Motors – EA<br>30200 Mound Rd<br>Mail Code: 480-111-E20<br>Warren, MI  48090 | Mr. Sadrnia will testify regarding the design, development, manufacture and testing of the passenger sensing system for the passenger side of the subject vehicle. He may testify regarding the testing and work of other experts. Will also testify regarding his inspection of the vehicle and site. |
| 17. | Paul Van Rooyen<br>General Motors – EA<br>30200 Mound Rd<br>Mail Code: 480-111-E20<br>Warren, MI  48090 | Mr. Van Rooyen will testify regarding the design, development, manufacture and testing of the seat belts and seat belt system in the subject vehicle. He may testify regarding the testing and work of other experts. Will also testify regarding his inspection of the vehicle and site. |

| No. | Name | Anticipated Testimony |
|-----|------|----------------------|
| 18. | William Hohnstadt<br>General Motors – EA<br>30200 Mound Rd<br>Mail Code: 480-111-E20<br>Warren, MI  48090 | Mr. Hohnstadt will testify regarding the design, development and testing of the passenger seat sensor for the passenger side airbag in the subject vehicle.  He will testify how the system functioned in the subject accident.  He may testify regarding the testing and work of other experts. |
| 19. | Dr. Elizabeth Raphael<br>Delta V Biomechanics<br>930 Commercial Street<br>Palo Alto, CA  94303 | Dr. Raphael will testify regarding Ashley Faust's and K.F.'s medical condition, the injuries they sustained in the subject accident as well as the causes of those injury.  She will also testify as to the movement of the occupants of the subject vehicle and their interactions with the interior of the vehicle as a result of the subject accident.  She will also testify regarding her testing in this case and she may testify regarding the testing and work of other experts. Will also testify regarding his inspection of the vehicle and site. |
| 20. | William Van Arsdell, PhD, PE<br>Engineering Principles, LLC<br>20 Main Street, Suite 206<br>Natick, MA  01760 | Design, operation, usage and performance of the occupant protection systems of the subject vehicle and the role of suppliers relating to the subject vehicle.  May also testify about the work and testing performed by other experts.  Will also testify regarding his inspection of the vehicle and site. |
| 21. | Any and all witnesses identified as discovery progresses not otherwise objectionable to General Motors | |
| 22. | Any and all witnesses deposed or to be deposed in this matter | |

| No. | Name | Anticipated Testimony |
|---|---|---|
| 23. | Any witnesses necessary for rebuttal or impeachment | |
| 24. | Any witnesses necessary for authentication of documents or exhibits | |
| 25. | All witnesses identified in discovery not otherwise objected to by General Motors | |
| 26. | General Motors reserves the right to supplement this list to identify additional witnesses, including expert witnesses as discovery progresses | |

8.    <u>ESTIMATED TRIAL TIME</u>:

   A.    Plaintiffs' Case:    _____5 days_____

   B.    Defendants' Case:    _____5 days_____

9.    <u>BIFURCATION REQUESTED</u>:        Yes _____        No ___X___

10.    <u>POSSIBILITY OF SETTLEMENT</u>:

   Good _____        Fair ___X_____        Poor _____

   All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

<div style="margin-left:40%">

/s/Jason Robinson_____
Richard Denney, OBA #2297
Lydia JoAnn Barrett, OBA #11670
Russell T. Bowlan, OBA #15731
Jason Robinson, OBA #22289
DENNEY & BARRETT, P.C.
870 Copperfield Drive
Norman, OK 73072
rdenney@dennbarr.com
lbarrett@dennbarr.com
rbowlan@dennbarr.com
jrobinson@dennbarr.com
***Attorneys for Plaintiffs***

</div>

/s/ Jason McVicker
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #16298
Michael F. Smith, OBA #14815
Harold Zuckerman, OBA #11189
MCAFEE & TAFT
Williams Center Tower II
2 W. 2nd Street, Suite 1100
Tulsa, OK 74103
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
michael.smith@mcafeetaft.com
harold.zuckerman@mcafeetaft.com
**Attorneys for Defendant**
**General Motors LLC**


/s/ Haylie D. Treas
James A. Jennings, OBA #4647
J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
Haylie D. Treas, OBA #30275
JENNINGS TEAGUE, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone:  405-609-6000
Facsimile:   405-609-6501
jjennings@jenningsteague.com
lkaufmann@jenningsteague.com
htreas@jenningsteague.com
**ATTORNEYS FOR DEFENDANT**
**AUTOLIV ASP, INC.**