## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FAUST, as the Personal Representative of the Estate of K.F., ASHLEY FAUST, individually, and JUSTIN FREDERICK, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL MOTORS LLC, HUDIBURG BUICK-GMC, LLC, AUTOLIV ASP, INC., and DELPHI AUTOMOTIVE, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. 5:16-cv-00961-F ) ) ) ) ) ) ) ) |

### DEFENDANT AUTOLIV ASP, INC.'S RESPONSE AND OBJECTION TO PLAINTIFFS' MOTION *IN LIMINE* TO CONFORM DEFENDANTS' DEPOSITION DESIGNATIONS TO THE ORDER OF TRIAL

Defendant, Autoliv ASP, Inc., for its response and objection to Plaintiffs' Motion *in Limine* to Conform Defendants' Deposition Designations to the Order of Trial [Doc. 117], respectfully submits that Plaintiffs' motion should be denied.

### ARGUMENT AND AUTHORITY

Based on what "manufacturers have attempted to do in previous trials," Plaintiffs' Motion, p.2, Plaintiffs wants this Court to enter a preemptive order "confining Defendants' counter-designations to relevant testimony that squarely meets the substance of that offered by Plaintiffs …." *Id.* at p.3. Any ruling "confining Defendants" to anything based on what may have occurred in "past trials" would be improper. The better

approach would be to address any objections on the basis urged in Plaintiffs' motion along with the parties' other objections to deposition designations.

Moreover, as Plaintiffs acknowledge, the "rule of completeness" contemplates and allows the contemporaneous introduction, by an adverse party, of additional portions of a writing "that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The rule is based on two considerations: first, "the misleading impression created by taking matters out of context," and second, "the inadequacy of repair work when delayed to a point later in the trial." Fed. R. Evid. 106 Advisory Committee Notes. In accordance with this rule, Autoliv is entitled to present – during Plaintiffs' case-in-chief – any deposition testimony necessary to put the testimony offered by Plaintiffs in context, to make it complete, and/or to explain what has been said. This Court has "enormous discretion" in applying the rule of completeness. *United States v. Harry*, 816 F.3d 1268, 1280 (10th Cir. 2016).

This Court also has wide discretion in determining how it will conduct trials. *See Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1464 (10th Cir.1994) ("Generally, matters relating to the conduct of the trial, such as the time allotted for opening statement and closing argument, are reserved to the broad discretion of the trial judge."); *Blair v. Eagle–Picher Indus., Inc.*, 962 F.2d 1492, 1500 (10th Cir.1992) ("It is axiomatic that the trial court has considerable discretion in determining how a trial is to be conducted."). And Fed. R. Evid. 611, which requires a trial court to "exercise reasonably control over the mode and order of examining witnesses and presenting evidence" in order to

effectively determine the truth, avoid wasting time and protect witnesses from harassment" implicitly authorizes this Court, in the exercise of its discretion, to apply the rule of completeness and deviate from the normal order of proof if doing so would further the interests expressed in Rule 611. Consequently, Plaintiffs' motion to conform Autoliv's deposition designations to the order of trial should be denied.

/s/ Linda G. Kaufmann
James A. Jennings, OBA #4647
J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
Haylie D. Treas, OBA #30275
JENNINGS TEAGUE, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone:  405-609-6000
Facsimile:   405-609-6501
jjennings@jenningsteague.com
dteague@jenningsteague.com
lkaufmann@jenningsteague.com
htreas@jenningsteague.com
**ATTORNEYS FOR DEFENDANT AUTOLIV ASP, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Richard L. Denney<br>rdenney@dennbarr.com<br>Lydia JoAnn Barrett<br>lbarrett@dennbarr.com<br>Russell T. Bowlan<br>rbowlan@dennbarr.com<br>Jason E. Robinson<br>jrobinson@dennbarr.com<br>   and<br>Larry Tawwater<br>lat@tawlaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | Mary Quinn Cooper<br>maryquinn.cooper@mcafeetaft.com<br>Harold Zuckerman<br>harold.zuckerman@mcafeetaft.com<br>Andrew L. Richardson<br>andrew.richardson@mcafeetaft.com<br>**ATTORNEYS FOR DEFENDANT**<br>**GENERAL MOTORS LLC** |

/s/ Linda G. Kaufmann
Linda G. Kaufmann